## WILLIAMS v. SPEARS.

1. Where the replication to a plea of the pendency of another action denies the existence of the record, it should conclude with a verification by the record; but if it goes farther and affirms, that if there was another suit, the record of which would show it to be identical with that to which the pleading applies, yet in fact the causes are different; or in other words, if it be so framed as to allow the plaintiff upon the production of a record by the defendant which would support his plea, to show that the matter in controversy in the suit first instituted was not identical, then it should conclude to the country.

2. Where the defendant pleads the existence of a record, it is not necessary for the plaintiff to new assign in order to let in proof of an extrinsic fact, which does not contradict, but merely limits the operation of the record.

3. If the defendant interposes a demurrer to an entire declaration containing several counts, if either count is good, the demurrer should be overruled.

4. Where the words charged in the declaration in an action of slander, indicate, that if the plaintiff did testify falsely in the matter touching which the defendant impugned his veracity, his testimony must have been intentionally and corruptly false upon a point material to the issue, it is not necessary that the declaration should alledge that the slanderous words imputed the crime of perjury, according to the laws of this State.

Writ of Error to the Circuit Court of Bibb.

THIS was an action for slander at the suit of defendant in error. The declaration contains three counts; in the first of which it was charged that an action was pending in the circuit court of Bibb, wherein the State was plaintiff and Augustus A. Whatly was defendant, in which, on the 6th of April, 1842, a trial was had in due form before the judge of

that court and a jury of that county, during the progress of which trial, the plaintiff in this cause was sworn and examined as a witness on behalf of the defendant, Whatly. On that trial it was material "to inquire into and investigate the character of one Anderson C. Whatly for truth and veracity," and the plaintiff did "depose and say that he knew the character of said Anderson C. Whatly for truth and veracity in the neighborhood in which he lived," and that he "would be believed and was entitled to credit in a court of justice, on his oath." The count then avers that the defendant well knowing the premises, but greatly envying the good repute of the plaintiff, and contriving and intending to injure the plaintiff, &c. and to subject him to the pains and penalties of perjury, and also to vex and harrass and wholly ruin him, on the 24th day of May, 1845, at, &c. "did falsely, wickedly, maliciously, corruptly and wilfully publish and speak, and caused to be published of and concerning" the plaintiff, and of and concerning the action which had been so pending, in a certain discourse which he, the defendant, then and there had with the plaintiff, of, and concerning him, the plaintiff, in the presence and hearing of divers good and lawful citizens of this State, and of, and concerning the evidence he gave on the trial of the action abovementioned, these false, malicious and defamatory words: "You swore a lie, and I will swear to it;" meaning and intending thereby to charge the plaintiff with having sworn a lie in said cause, and that he thereby committed perjury.

The words charged in the second count to have been spoken of the plaintiff by the defendant, are: "You swore a lie to my knowledge, and I will swear to it," intending thereby to charge the plaintiff with having committed perjury. In the third count the words charged to have been spoken, are: "He swore a lie to my knowledge," intending, &c. as in the preceding.

To this declaration the defendant pleaded that the plaintiff instituted another action against him in the circuit court of Bibb, for the same identical cause in the writ and declaration in this suit mentioned, as by the record and proceedings thereof, remaining in that court will more fully appear; which suit was still pending when the writ in this action

was issued and executed, and for a long time thereafter. The plea concludes with a verification, and prays judgment of the writ and declaration, and that the same may be quashed. This plea is verified by the defendant's affidavit.

The plaintiff replied, that the writ and declaration ought not to be quashed by reason of any thing alledged in the plea, because he says, that at the time of the commencement of his action, he had not then pending, as alledged by the defendant, an action commenced by him against the defendant for the same identical cause as that mentioned in his writ and declaration, nor at any time thereafter in manner and form as alledged in the defendant's plea: and this he prays may be inquired of by the country.

There was a demurrer to the replication, which was overruled, and an issue submitted to the jury, on which a verdict was returned for the plaintiff. Thereupon the defendant demurred to the declaration, which being overruled, he pleaded "not guilty," and the cause was tried by a jury, who returned a verdict for the plaintiff, assessing his damages at two hundred dollars, and judgment was rendered accordingly.

A. B. MOORE, for the plaintiff in error, made the following points: 1. The replication is the denial of the existence of a record such as the defendant relied on, and should have concluded not to the country, but with a prayer that the matter be inquired of by the court. [1 Went. Plead. 45; 1 Dunlap's Prac. 499; Steph. Plead. 101, 102.]

2. As the declaration does not alledge any special damage, it should have averred that the slanderous words were such as if true, subjected the plaintiff to the pains and penalties of perjury according to the laws of this State. [2 Hump. Prec. 774.]

No counsel appeared for the defendant.

COLLIER, C. J.—It is certainly true that the plaintiff may reply *nul tiel record* to a plea of the pendency of another action, [1 Saund. on Plead. 18,] and such is the form of the replication to which the counsel for the plaintiff in

error has referred in 1 Wentworth. The plea of *nul tiel record*, should conclude with a verification by the record, and where the replication merely denies the existence of a record, which is relied on by the plea as a defence to the action, it should contain a similar conclusion. [2 Saund. on Plead. 754, 755; 1 Chit. Pl. 556, 557.] But where the plea contains matter of fact as well as matter of record, it should not conclude with a verification by the record, but with a verification to the country. [Id.; 1 Saund. on Pl. 18; 6 Johns. Rep. 26; 2 Id. 227.]

In the case before us, the replication does not merely put in issue the existence of a record to establish the fact relied on by the plea, but it goes beyond this, and in effect affirms that if there was another suit, the record of which would show it to be identical with the present, yet in point of fact, the causes are different. Or in other words, it is so framed as to allow the plaintiff upon the production of a record by the defendant which would support his plea, to show that the matter in controversy in the suit first instituted was not identical. That such extrinsic proof would be admissible, we think does not admit of doubt.

In Robinson v. Windham, 9 Porter's Rep. 397, it was held that under the general issue in an action of assumpsit on a note, it was allowable for the maker to show that the property for which the note was given was not such as the payee warranted it to be; and that in an action subsequently brought to recover damages for a breach of the warranty, a special plea was good which alledged that the same matter had been litigated in the suit upon the note, and the judgment therein rendered, remained unreversed, or in any manner vacated. In later adjudications, we have determined that it was competent for parties to look out of the record and show by extrinsic proof that any matter within the issue was a subject of controversy. And such is unquestionably the weight of authority.

This course of reasoning indicates, that where there is a record which would establish the plea of another action pending, the plaintiff is not bound to deny its existence, but if in truth the causes are dissimilar, he should be allowed to show it.

And to let in such proof, the replication should be adapted to it.

It may however be supposed, that the replication should contain a new assignment of the cause of action.   Where a person has two causes of action for a breach of contract, for one of which he has already obtained a judgment, and to an action for the other the defendant pleads the judgment recovered, the plaintiff should new assign, and show that the action was brought for a different breach of contract from that for which the judgment pleaded had been obtained.   In all cases, it is said, where the defendant applies his justification to a different cause of action from that to which it is applicable, the plaintiff must new assign.   [6 T. Rep. 607 ; 3 B. & C. Rep. 235.]   New assignments are also adopted for the purpose of ascertaining with greater precision and exactness, the place or time which has been alledged only generally in the declaration.   [2 Saund. on Pl. 684; 1 Chit. Pl. 601, *et post.*]   But we are not aware that the doctrine of new assignment has ever been applied to a plea in abatement, such as that we are considering.   Be this however as it may, it cannot be necessary for the plaintiff to new assign, in order to let in proof of an extrinsic fact, which does not contradict, but merely limits the operation of a record.   The citations from 1 Chitty, 614-15, and 6 Johnson, *ut supra*, recognize the sufficiency of such a replication.   This view of the question has led us to the conclusion, that the replication is an answer to the plea, and the conclusion proper.

The demurrer to the declaration is not several, but to all the counts jointly, and if either of them was good, it was rightly overruled.   The words charged in each count to have been spoken, are *per se*, actionable, and without considering whether the second and third counts contain the necessary allegations, we think the first certainly does.   If it be objectionable in any thing, it is in being too verbose.   There was no necessity for the declaration to alledge specifically, that the slanderous words were such as imputed the crime of perjury, according to the laws of this State.   This is apparent, and such an allegation could not have made it more obvious. The false swearing which the defendant is said to have imputed to the plaintiff was, *first*, in deposing that he was ac-

quainted with the character of the impeached witness, and
*second*, in expressing the opinion that from such knowledge
he was worthy of credit.    If he was unacquainted with the
witness' character, it is perfectly clear that his testimony was
false, and the inference would be, that it was intentionally,
and of course corruptly so.

The consequence is, that the judgment must be affirmed.