## D. C. POWERS *v.* JAMES PRESGROVES.

1. CIRCUIT COURT: JURY: DUTY OF COURT IN RESPECT TO EMPANELLING.—As a general rule, both in civil and criminal cases, it is the duty of the court to empanel a competent and impartial jury; and for this purpose, the court may propound to the jurors returned, not only such questions as may be necessary to ascertain their competency, but, in its discretion, may also examine them in relation to their impartiality, prejudice, or bias.

2. SAME: PARTY HAS NO RIGHT TO INTERROGATE JUROR WITHOUT CHALLENGE.— Where no challenge is made to a juror, it is discretionary with the judge, whether he will permit the parties to interrogate him as to his bias or prejudice in the case.

3. SAME: HOW TO CHALLENGE A JUROR.—The proper mode to challenge a juror is, for the party objecting to specify distinctly the cause of the challenge, so that an issue in law or fact may be joined, and that it may be known whether it is for principal cause or for favor, and the mode of trial be determined; and if this be not done, the challenge is not complete, and may be wholly disregarded by the court. See *Mann* v. *Glover*, 2 Green's R. 195: *Freeman* v. *The People*, 4 Denio R. 31.

4. SLANDER: PLEADING: NOTICE OF JUSTIFICATION, WHAT IT MUST CONTAIN.— The notice of justification, accompanying the plea of not guilty to an action for slander, need not in form amount to a special plea of justification, but it must fully notify the plaintiff, in substance, of the specific charge relied on, so that he may be prepared to prove his innocence; and hence, a notice " that the defendant will prove the truth of the words complained of," is insufficient.

5. SAME: RIGHT OF DEFENDANT TO SHOW PROVOCATION: CASE IN JUDGMENT.—In an action of slander, if the evidence show that the defamatory words were spoken immediately after a trial of a lawsuit between the plaintiff and defendant, and that they were occasioned by it, it will be competent for the defendant to show, in mitigation of damages, the facts and circumstances occurring on, and the conduct of the parties during, that trial.

6. SAME: EVIDENCE AS TO CHARACTER MUST BE GENERAL.—In an action of slander, evidence of the general character of the plaintiff, alone is admissible; and hence, evidence of particular rumors against the plaintiff, circulating among, or of charges preferred by, a minority of his neighbors, is inadmissible.

7. SAME: SAME.—Proof of character must be made by inquiries as to the general reputation of the party, where he is best known, and as to what is generally said of him by those among whom he dwells, and with whom he is most conversant; and ordinarily, the witness ought to come from the neighborhood of the party whose character is under investigation.

8. SAME: SAME: PROVINCE OF COURT AND JURY IN RESPECT TO.—The court will not, unless under peculiar circumstances, undertake to determine, by a preliminary examination, whether a witness to character has sufficient knowledge to enable.

him to testify; and hence, what is the neighborhood of the party whose charac-
ter is the subject of inquiry, whether it be circumscribed or extended, and what
weight is to be given to the witnesses living near or remote, and the sufficiency
of their knowledge of his character, are matters to be considered and determined
by the jury.

9. SAME: MITIGATION: WORDS SPOKEN IN A PASSION.—That the actionable words
were spoken in a sudden heat of passion, is a circumstance in mitigation of
damages.

ERROR to the Circuit Court of Tallahatchie county.    Hon. William Cothran, judge.

This was an action of slander by Presgroves against Powers.
The words complained of are, that the defendant said to the plain-
tiff: " You are a d—d old perjured son of a b—h, and you stole
cows, and I can prove it."

The defendant pleaded not guilty, and gave the following notice :
" Defendant will prove, under the above plea, the truth of the words
of which the plaintiff complains in his declaration."

After the jury had been empanelled, the plaintiff's counsel, by
the consent of defendant, called the court's attention to the notice
of justification, and, by agreement, the question of its sufficiency
was then argued, and the court decided that it was insufficient, and
required the defendant, if he desired to prove justification, to file
additional notice, " setting forth with accuracy and precision, the
precise charges which he relied on as matters of justification."    To
this decision the defendant excepted.    The defendant then gave
additional notice, setting out various charges against the plaintiff,
among which was a charge, that the plaintiff had committed per-
jury, in returning a list of his cattle for taxation, in the year 1850.

The bill of exceptions states, that " when the cause was about to
be submitted to the jury in the box, the defendant, by his counsel,
objected, and moved the court to have each juror sworn to answer
questions, as to whether he had formed or expressed an opinion in
the case ; and the defendant offered to prove to the court, that the
case was one of great notoriety and feeling in the county, and that
there was prejudice against him ; and he insisted before the court
upon this course as a right, and the only means of obtaining an
impartial jury."    The court overruled the application and motion,

and " the cause was submitted to the jury in the ordinary way," and the defendant excepted.

On the trial, the plaintiff proved by a witness " that he was present at the trial of a little case before a justice of the peace, between plaintiff and defendant ; that there was some disagreement between them on the trial, and after it was over, a quarrel ensued between them, when defendant, in addressing the plaintiff, spoke the words complained of."

Defendant proposed to prove by this witness on cross-examination, in mitigation of damages, " the character of the said suit before the justice of the peace, and the result of the same, and the circumstances and facts attending the said trial, showing provocation for defendant's conduct after the trial." This proposed testimony was, on the objection of plaintiff, excluded, and the defendant excepted.

The defendant then proposed to prove by said witness, in mitigation of damages, " that the claim sued for by the plaintiff before the said justice of the peace, was for six or seven dollars, and was composed of an account for several items ; that plaintiff made oath before said justice of the peace on said trial, that the account was just and correct, and that the principal item in the account was for a gin-band, which was charged at five dollars ; that plaintiff had sold the same to defendant at fifty cents, and that the jury in the magistrate's court decided the case against the plaintiff as to said item." On plaintiff's objection, this testimony was not permitted to go to the jury, and defendant excepted.

The action of the court, in rejecting all the above proposed evidence in relation to the suit in the magistrate's court, is made the subject of the 5th and 6th assignments of error.

The defendant introduced a witness, who stated that the character of the plaintiff was generally good in his neighborhood, " with the exception of certain rumors." The defendant then proposed to prove by the witness what these rumors were. The plaintiff's objection to this proposed testimony was sustained, and defendant excepted.

Defendant introduced another witness, who stated that he had resided in plaintiff's neighborhood, and known him for twenty years ; " that his character was good with a majority of his neighbors, but it was not good with a portion of them, and had been bad all the

time, with a part of them." Defendant proposed to prove what charges against plaintiff's character had been preferred, by a "minority of plaintiff's neighbors." This proposed testimony, on objection of plaintiff, was excluded, and the defendant excepted. The action of the court in rejecting the proposed testimony of these two last witnesses, constitutes the 7th assignment of error.

The defendant proved by two witnesses, that the plaintiff owned in the year 1850, forty-five head of cattle.

The defendant then introduced the assessor of taxes for Tallahatchie county in the year 1850, who testified that he remembered being at the house of plaintiff, and of assessing him, but he could not state positively, whether he had, or not, sworn plaintiff to the list of taxable property he had given in. Defendant then offered to prove by this witness "that it was his universal custom to swear all whom he assessed, according to the requirement of law, and from that fact he believed he had sworn plaintiff to the list of property given in by him." This proposed evidence, on objection by plaintiff, was rejected, and the defendant excepted. The defendant then proposed to "introduce from the office of the probate clerk of said county, the original assessment roll for the year 1850, which had been made out by witness, and deposited in said office according to law, for the purpose of showing that plaintiff had given in no taxable cattle for that year." Plaintiff objected to this, upon the ground that it appeared that the certificate of the assessor was at the beginning, or on the first page, and not at the end, or on the last page of the same. This objection was sustained on the ground stated, and the defendant excepted. This action of the court in relation to the testimony of the assessor, and the assessment roll, is made the basis of the 8th and 9th assignments of error.

Defendant then introduced another witness, who stated that he did not know plaintiff's character among plaintiff's immediate neighbors. Defendant then offered to prove by this witness, that in witness's neighborhood, which was about five miles distant from plaintiff's residence, that plaintiff's character was bad; and that there were certain charges and rumors against plaintiff, and he also offered to prove what these charges and rumors were. The plaintiff objected, and the court sustained the objection, and defendant excepted.

The principles announced in the instructions for plaintiff, are in substance, that malice is implied from the speaking of the words mentioned in the declaration; that they are authorized to give punitory damages in cases of slander; and that plaintiff is not to be prejudiced by the objections made by his counsel to the introduction of evidence, which the court has declared to be illegal.

The first instruction for defendant, was to the effect, that the charge of perjury, as stated in the declaration, was not actionable at common law.

The fourth instruction was as follows:—

"4. If the jury believe from the evidence, that the defendant used the words uttered in the presence and hearing of the plaintiff, in a sudden quarrel, and in the heat of blood and anger, and not with a view to injure or defame the character of the plaintiff, that this is a circumstance from which the jury may infer the defendant was not actuated by malice, and may be considered by them in mitigation of damages."

The fifth charge was, "that if the defendant uttered the words complained of, upon the information of others, believing them to be true, and not in a defamatory sense, it is a circumstance which goes to disprove malice, and which may be considered by the jury in mitigation of damages."

These instructions for defendant were refused.

The plaintiff had verdict and judgment for $2000. The defendant moved for a new trial, which being refused, he excepted, and sued out this writ of error.

*D. Shelton,* for plaintiff in error,

Cited 1 Binney's R. 85; 2 Wash. R. 215; 2 Wheaton S. C. 977; 1 Nott & McC. 268; 3 Conn. 463; 1 M. & S. 284; 6 Munf. 465; 5 Ib. 16.

*W. S. Eskridge,* on same side.

The first and second grounds of error will be considered conjointly.

The defendant was entitled to a fair and impartial trial, and by an impartial jury. To secure this privilege, he resorted to all the means within his power, to wit: he proposed to show to the court,

that the cause was one of great notoriety and feeling in the county, and that there was prejudice against him. This prejudice may have entered into the jury. If it had, the defendant could not have an impartial trial. To ascertain, then, that the jury were impartial, and could give him a fair trial, he proposed to have each juror sworn, to answer questions, whether he had formed or expressed an opinion in the cause. This privilege was refused him by the court, and we think this was manifest error in its ruling.

In the case of *McCarty* v. *The State*, 26 Miss. R. 302, the court say: "It is the duty of the court to see that a competent, fair, and impartial jury is empanelled," &c. See also *Nelms* v. *State*, 13 S. & M. 500. The same rule, in this respect, is recognized in civil and criminal cases. See 2 Graham & Waterman on New Trials, 416. On impartiality of juries, see Ib. 366, 371–3, and 394. This point is definitely settled in *Childress* v. *Ford*, 10 S. & M. 25.

We think the court erred, in refusing the defendant the privilege to prove justification, under the notice filed with general issue, and requiring the defendant to give additional notice, in which he was required to set forth with precision, the specific charges on which he relied as matter of justification. See Rev. Code, 493, Art. 97. Under this statute, the notice first given, with general issue, was sufficient to let in the proof of justification; under it the plaintiff could not be taken by surprise. The object of this statute was to do away with the technical strictness of the common law pleading.

In mitigation of damages, it was clearly competent for the defendant to prove the character of the suit between himself and the plaintiff before the magistrate's court, as also the result of said suit, as well as the attendant facts and circumstances. It was proper that these facts should go to the jury, that they might know the precise facts and circumstances under which the slanderous words complained of were used, and to know the extent of the provocation—if any—under which they were uttered: for the proof shows, that from a misunderstanding growing out of said trial, the slanderous words were spoken.

Several witnesses for the plaintiff, proved that a quarrel ensued between the plaintiff and defendant after the trial. If the slanderous words were spoken in the "heat of passion," this may be proven

in mitigation, and therefore ought to have gone to the jury. See *Else* v. *Ferris*, Anthon's Nisi Prius, 25.

The ruling of the court in excluding this testimony from the jury, was clearly in opposition to the statute (Rev. Code, 493, Art. 96), which provides that, "the defendant under the general issue, may give in evidence any mitigating circumstances to reduce the damages, notwithstanding he may also have pleaded a justification."

It was most important to the defendant, that the proof disclosed in the 6th assignment of error, should have gone to the jury. It was offered in mitigation, not in justification. It was offered to show that the plaintiff had acted in bad faith towards the defendant, with reference to the item of the gin-band charged in the account, having sold it to the defendant for fifty cents, and afterwards charged him five dollars for it, sued him on it, and swore to the justness of the account. It was also important for the defendant, in mitigation, to show that that item had been excluded from the account by the jury that tried the issue. These facts should have been considered by the jury in mitigation; they would have gone far to show the worthlessness of the plaintiff's character, and to show therefore, that he had been but little damnified by the utterance of the language charged as slanderous. The proof was competent, and should have gone to the jury. See *Lewis* v. *Black*, 5 Cush. 434; 2 Greenl. Ev. § 421.

It was clearly competent for the defendant to prove, in mitigation, what the rumors were against the plaintiff; whether circulated or known among a minority or majority of his neighbors. The cause was at issue both on the plea of not guilty, and the plea of justification; it was, therefore, competent to introduce proof under the one plea or the other, subject alone to the restriction of the rules of law governing the introduction of proof, upon the one issue or the other, taken separately.

In estimating the damages, it was proper for the jury to know to what extent the plaintiff's character had been injured; and in estimating his character, they should know how it stood among his neighbors—whether a majority or minority, matters not. In this action, the character of the plaintiff is always in issue. *Lewis* v. *Black*, 5 Cush. 432–4; *Binns* v. *Stokes*, 5 Ib. 244; 2 Greenl. Ev. § 421; Starkie on Slander, 296–7; Rev. Code, 493, Art. 96.

The court clearly erred in excluding the evidence of Odem, the assessor. Perjury may be established by circumstantial evidence, the same as offences of any other character.

The assessment list should have gone to the jury; it was duly certified, and was competent as evidence. All the law requires is, that it shall be properly certified—it matters not whether the certificate appear at the front, or foot of the list. Hutch. Code, 185, § 8.

The court should have given the 1st, 4th, and 5th instructions, which were asked by the defendant and refused by the court.

The declaration in this case is not brought under the statute, but at common law. *Scott* v. *Peebles*, 2 S. & M. 546.

A general charge of perjury, at common law is not actionable, without a *colloquium* connecting it with a judicial proceeding. *Crawford* v. *Mellton*, 12 S. & M. 328; Starkie on Slander, 11, 12, 51; 1 J. R. 505; 2 Ib. 10; 8 Ib. 109; 13 Ib. 78; 20 Ib. 344.

The 4th instruction propounded the law correctly, and should have been given. *Else* v. *Ferris*, Anthon's N. P. 25.

The 5th instruction, both propounded the law correctly, and was applicable to the proof in the case, and therefore should have been given. The proof shows that the defendant had again and again been informed by credible persons, that the plaintiff had been guilty of stealing cattle, hogs, and corn; and that he had perjured himself, in rendering to the county assessor a false list of his taxable property. This instruction was applicable to this proof, and certainly under the plea of not guilty, the defendant was entitled to the benefit of it in mitigation of damages. This proof shows that the defendant was not the originator of the charges made against the plaintiff, but that they were uttered upon the information of others, a circumstance that goes far, very far, in disproof of the presumption of malice. Revised Code, 493, Art. 96; 5 Cushm. 434; 2 Greenlf. Ev. § 421; Starkie on Slander, 406–408; *Gilman* v. *Lowell*, 8 Wen. 573.

*D. L. Herron*, for defendant in error.

The first error assigned in this case, is the overruling the motion to have each juror sworn, to answer questions as to whether he had formed or expressed an opinion in the cause.

I admit the general principle repeatedly recognized in this court,

that it is the duty of the court, to see that a competent, fair, and impartial jury is empanelled; and I submit that neither this principle, or any rule of law or practice recognized either in England or the United States, has been violated in this case. Under the English practice, all questions of fact arising on cause of challenge for favor or partiality, were left to the determination of triers, who were two indifferent persons, to try the validity of the alleged cause of challenge; and when they had found two jurors indifferent, they were superseded, and those two jurors sworn, who tried the rest upon the alleged causes of challenge. 2 Tidd Pr. 853.

When a juror was challenged, the cause was required to be propounded on the record, so that the other side could either demur to its sufficiency, or take issue on the question of fact, as to favor or impartiality, before the triers.

On the trial of such issue, it was allowable to examine a juror on his *voire dire*, with regard to such causes as were not to his discredit or dishonor; but it was not admissible to ask jurymen, whether special or talesman, if they had not expressed opinions hostile to the defendants and their cause, in order to found a ground of challenge to the polls; but such expressions were required to be proven by extrinsic evidence. 2 Tidd, 853.

The reason of this rule was, that it was regarded as dishonorable for a man to express ill will towards a person accused of a crime; and, therefore, he could not be sworn to prove his dishonor.

In modern practice these rules, particularly in the United States, have been modified, and indeed the mode of trial changed, by dispensing with triers, and the judges deciding the question of competency directly themselves, whether the question be legal or one of fact. But the rule requiring the ground of challenge to be propounded in such a way, as it may be put upon the record, so that the other party may either demur, or counterplead, or deny the matter of challenge, has nowhere, that I have been able to find, been dispensed with. I ask, would it be error for a court to refuse to hear evidence, when there was no issue in court to be tried? Certainly not. Where, then, is the ground of complaint in this case, when, as shown by the record, no ground or cause of challenge was propounded or alleged, and consequently no issue before the court to be tried? The bill of exceptions shows, " that when the cause was

about to be submitted to the jury in the box, the defendant, by his counsel, objected, and moved the court to have each juror sworn to answer questions asked, whether he had formed or expressed an opinion in the case." See Record, p. 13.   No challenge to any of the jury was therefore made, nor any cause or ground of challenge propounded, or offered to be propounded, upon which the other side could take issue, or demur, or counterplead ; and without such challenge, and the ground upon which it is made, and the tender of such issue, either of law or fact, I submit that the defendant had no right to have the opinion of the court upon it, and no right to an inquiry ; and consequently no right to have the jurors sworn as witnesses, to answer questions as to their competency. See 10 Mee. & W. 274.

The doctrine was settled in the celebrated trial of Burr, that a juror cannot be asked whether he has formed or expressed an opinion, before he is challenged.   See Burr's Trial.

And this decision.has been followed by this court.   See *State* v. *Flower*, Walker R. 318 ; Ib. 392; and has not been overruled, that I am aware of.

Even in the United States, where the practice has been to examine jurors, on their *voire dire*, as to their competency in criminal cases, there may be instances where such privilege might, and ought to be, denied.   As, for example, in the language of Judge Gaston: "If in fact an opinion has been made up without necessity, and declared by one who has been called, or expects to be called, to aid in a judicial investigation of the subject; and still more, if such an opinion has been disseminated with a view to influence the judgment of others, or affect the result of such investigation, then indeed it would involve dishonor and guilt; then it would have a tendency to poison the purity of jury trial at the fountain-head, and would merit the reprobation of every friend to the even-handed administration of justice, and might very properly be visited with severe legal penalties; and no juryman ought to be required to testify against himself as to such misconduct." See *State* v. *Benton*, 2 Dev. & Bat. 211.   I cite this for the purpose of showing that there may be good legal cause for the refusal of the court to have the jury sworn to answer questions; and none of the jury.being challenged, and no ground of challenge being propounded, or any matter showing the erroneous action of the court, this court, in-

dulging that presumption, that every judgment in a court of competent jurisdiction is correct, in the absence of evidence to impeach it, is bound to sustain the action of the court below.

To that part of this assignment of error, that the defendant offered to prove to the court, that the case was one of great feeling and notoriety in the neighborhood, and that there was prejudice against the defendant,—I reply, that if this were true, he must have known it before he went into trial, and if he wished to obviate it, he might have applied for a change of venue; and having neglected to pursue this mode, he is presumed to have waived it.

On the 3d, 5th, 6th, 7th, and 10th assignments of error, I submit that all pleas in bar, in common practice, are either denial of the cause of action, in whole or in part, or confession and avoidance. And while it is true, by the 96th Art. of the Code, 493, the defendant may, under the plea of not guilty, give in evidence any mitigating circumstances to reduce the damages, notwithstanding he may also have pleaded justification, yet by the 97th Art., same page, it is enacted, that "if the defendant shall desire to prove under the general issue, in any action, any affirmative matter, in avoidance, which by law may be proved under such plea, he shall give notice," &c. And further, in the same article, the defendant may in all cases plead the general issue, and give notice therewith of any special matter, which he intends to give in evidence in bar of the action. Then, whether the plea be in bar or in avoidance, notice is required by this statute. The plea pleaded in this case was in bar, and of course notice should have been given, and the special matter of evidence should have been confined to the notice; and while it may be true that the object of the statute was to change the technical strictness of common law pleading, yet it cannot be maintained that it was the intention of the legislature, to relax any of the rules requiring full notice, so as to prevent surprise.

The evidence excluded, of which the plaintiff in error complains, was not the facts and circumstances of provocation, at the time of the speaking of the words charged in the declaration; but the character of the suit in the justice's court, and the result thereof, to show that the plaintiff had made an unjust demand, and had sworn to it, and the justice had rejected a part of his claim, and that,

therefore, the plaintiff had sworn falsely, and the words charged in the declaration as slanderous, were true and justifiable. Though offered in mitigation, it was but matter of justification. For not one word of insult or provocation, by the plaintiff, was proposed to be proved. Again, the evidence excluded, were but particular facts proposed to be given to the jury, tending to show justification, and were not admissible at common law, and equally inadmissible under the statute. *Wormouth* v. *Cramer*, 3 Wen. 394; *McAlexander* v. *Harris*, 6 Munf. 465; *Nelson* v. *Evans*, 1 Dev. 9.

The defendant may give in evidence for mitigation the general bad character of the plaintiff, but cannot prove under the general issue at common law, any specific acts : *Vick* v. *Whitfield*, 2 Ham. 222; nor under our statute, without notice. The reason of this distinction at common law is, that it is upon his general good character, that the plaintiff bases his claim for damages, and he is presumed to be always ready to encounter any evidence tending to impeach his general character; while he might be surprised by proof of a specific act, without notice.

And for the same reason, particular reports, injurious to the plaintiff's character, are inadmissible. *Wolcot* v. *Hall*, 6 Mass. 518. And for the same reason is notice of all special matter, whether in bar or avoidance, required under the statute. Under the first plea notice was given by the defendant, that he would prove the truth of the words charged as slanderous in the first and second counts. This amounted to nothing more than a plea of justification, and upon such plea the plaintiff may introduce proof of his good character. *Harding* v. *Brooks*, 5 Picker. 244; *Williams* v. *Greenwood*, 3 Dana, 433.

Such proof is competent in answer to any defence tending to impeach the plaintiff's character. Ib.

On the part of the exclusion of the assessor's list, and the evidence of Odem, I submit that in an action of slander, the charge complained of being the commission of a criminal offence, the same degree of evidence is necessary to sustain the plea of justification, that would be necessary to convict the plaintiff in a criminal prosecution for the same. *Andrews* v. *Vanduzer*, 10 Johns. 38; *Offutt* v. *Earlywine*, 4 Blackf. 460. And surely it will not be contended, that this evidence here excluded, would have been admissible on a

trial for such an offence, when it did not even pretend to show that an oath had ever been administered, or that it would change the result in this case, as it did not tend in the least to justify the defendant or impeach the plaintiff.

To the error for refusing the first instruction, it might be sufficient to say, that if the words charged were not actionable, the proper way to have met them was by demurrer; but I submit that words making a general charge of perjury are actionable without a *colloquium*. *Lea & Wife* v. *Robertson*, 1 Stewart, 138; Idem, 231; *Commons* v. *Walters*, 1 Porter, 377.

The fourth instruction was wholly irrelevant, there being no proof that the slanderous words were spoken from provocation, in heat of blood, but, on the contrary, the proof showed that they had been uttered deliberately after the trial at the justice's court.

Particular rumors or reports in the neighborhood, not being admissible in evidence in mitigation of damages, as I have attempted to show, it follows that the fifth instruction was properly refused. *Ritner* v. *Buck*, 3 Cowen, 499; 8 Idem, 214.

HARRIS, J., delivered the opinion of the court.

This is an action of slander, brought by the defendant in error against the plaintiff.

The plaintiff in error relied on the general issue, and special notice of justification.

The two first causes of error assigned relate to the organization of the jury.

It was moved by the defendant below before proceeding to trial, that the court should have each juror sworn to answer questions, as to whether he had formed or expressed an opinion in the case, and it was offered to be proved to the court as a ground for this inquiry, that the case was one of great notoriety in the county, and that there was prejudice against the defendant; all which was refused by the court.

As a general rule, whether in civil or criminal cases, it is the duty of the court to empanel for the trial of each case, a competent and impartial jury, and for this purpose, therefore, the court may propound to the jurors returned, not only such interrogatories as are required to ascertain their competency, but also in its discretion

may ask such other questions, not tending to degrade or render the jurors infamous, as may test their impartiality, prejudice, or bias.

In this mode of investigation, counsel have no right to interpose and interrogate jurors themselves, except by direction of the court; but the whole matter must be left to the sound judgment and judicial discretion of the presiding judge.

This mode of proceeding is not to be confounded with a proceeding on a challenge for favor, or for principal cause, where the party, by his counsel, is bound to specify the cause of challenge, and whether it is for principal cause, or for favor, so that an issue in law or of fact may be joined, and the mode of trial determined. In such case, the *ground* of the challenge must be distinctly stated; for without this the challenge is incomplete; no issue could be properly joined; and it may, therefore, be wholly disregarded by the court.

A party cannot simply by name, make his challenge for "*principal cause*," or "*for favor*." It must be made in such terms, that the court can see which it is, and so determine by what *forum* it is to be tried, and whether the facts alleged, if true, are sufficient to support such challenge. *Mann* v. *Glover*, 2 Green's (N. J.) R. 195; and see *Freeman* v. *The People*, 4 Denio, 31, for a very clear and distinct statement of these doctrines. And see Wharton's Amer. Cr. Law, 4th edit. § 2989–3014, and notes and authorities cited.

It will thus be seen, that in the mode of procedure adopted by counsel, their application was one addressed wholly *to the discretion of the court*, in the exercise of which this court will rarely interfere. If, instead of addressing themselves to the discretion of the court, and asking its direct interposition to interrogate the jurors, they had propounded grounds of challenge, it would have been the imperative duty of the court to have caused the trial of the issues thus presented. But only addressing themselves to the court's undoubted discretion, by the mode proposed, the refusal of its interposition in that form, is no ground of error here.

The next ground of error assigned is, that the court refused to permit the defendant, under the general issue, with notice that he would prove "*the truth of the words*" of which complaint is made, in bar of said complaint, to give in evidence *any* matter of justifi-

Powers v. Presgroves.

·cation, but required the defendant to file additional notice, stating the precise charges on which he relied as justification of the words spoken.

There was no error in this action of the court. The object of the *notice*, is to afford the plaintiff an opportunity of proving his innocence of the charge imputed to him. And while it need not *in form*, amount to the plea of justification, it must as fully notify the plaintiff, in substance, of the specific charge intended to be proven. See 2 Saunders P. & E. 803, 804.

The fifth and sixth assignments of error, relate to the exclusion of the facts and circumstances occurring on the trial between these parties, in the justice's court, immediately preceding the speaking of the words charged, and which gave rise to them, showing the provocation and state of feeling under which they were uttered.

We think this evidence should have been admitted, in mitigation of damages at least.

The seventh assignment of error is, that the court rejected the evidence, offered to prove the rumors against plaintiff's character, among a *minority* of his neighbors.

There was no error in this, according to the authorities. See 2 Greenleaf Evidence, 466–474, § 424. General character seems to be alone admissible; particular rumors are to be rejected.

The eighth and ninth assignments, relate to the plea of justification, setting up, that plaintiff had sworn falsely, in rendering to the tax assessor a list of his cattle liable to taxation.

We think this evidence should have been admitted; both the testimony of the assessor, and the tax-list made out by him, in corroboration of his statement, were competent to be submitted to the jury on the issue.

It is next assigned for error, that the court refused to permit defendant to prove what the character of defendant was, for truth and veracity, *out of his immediate neighborhood*, and what rumors were against the plaintiff *out of his neighborhood*.

The rule in relation to the proof of character is, that the inquiry must be made as to his *general reputation, where he is best known*, —what is *generally said* of him, by those among whom he dwells, or with whom he is chiefly conversant. Ordinarily, the witness ought to come himself from the neighborhood of the person whose charac-

ter is in question. But the court, unless under peculiar circumstances, will not undertake to determine, by a preliminary inquiry, whether the impeaching witness has sufficient knowledge of the fact to enable him to testify; but will leave the value of his testimony to be determined by the jury. 1 Greenleaf Ev. 601, § 461. What is the plaintiff's "neighborhood," whether one, or five, or ten miles, and the credit to be given to the witnesses, near or remote, or the character he bears in the compass of one mile, or in the county in which he lives, are all questions, under the limitations above stated, to be considered and determined by the jury, in arriving at his *general character*.

It is, lastly, insisted, that the court erred in giving instructions for the plaintiff, and refusing the first, fourth, and fifth instructions asked by defendant below.

We think there is no error in the action of the court on these instructions, except the fourth instruction asked for defendant, which was refused. We think this should have been given, as words spoken in the sudden heat of passion, or great provocation, cannot be regarded as so culpable as when spoken coolly and deliberately.

On the whole case, we are clearly of opinion, that a new trial should be granted.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.