FIELDING F. MILES v. ELDRED HARRINGTON.

| 8 | 425 |
|---|---|
| 49 | 48 |

1. SLANDER; *Justification; Mitigation.* Where slanderous words which are *per se* actionable are spoken in a moment of heat and passion, induced by some improper conduct immediately preceding on the part of the plaintiff, the said circumstances under which the words were spoken are not a complete defense to the action for slander, but should be considered by the jury only in mitigation of damages.

2. DAMAGES; *General; Compensatory.* In an action of slander for words spoken which are *per se* actionable, where the petition does not allege any special damages, the jury may give a verdict for such general damages as the plaintiff may have sustained; and all damages which are the necessary and natural result of the words spoken are general damages.

3. —————— *Nominal; Exemplary.* And in such an action damage is presumed without any proof of actual damage; and if no special damage is pleaded, no general damages proved, nor exemplary damages allowed by the jury, still the jury should allow nominal damages for the plaintiff. The law permits exemplary damages; but whether such damages should be allowed is a question for the jury under all the circumstances of the case.

*Error from Brown District Court.*

ACTION of slander, brought by *Harrington* against *Miles.* *Miles* had been prosecuted before a justice of the peace for an assault and battery, and on the trial thereof *Harrington* had testified as a witness on the part of the state. The petition alleged that *Miles,* in speaking of *Harrington,* and of the testimony given by him on the trial of said assault-and-battery case, said—"Harrington swore to a damned lie—that's all there is about that;" and that in speaking to *Harrington* in the presence and hearing of divers other persons *Miles* had said—"You are a perjured scoundrel—you swore to a lie." The petition averred that the words were spoken by *Miles* falsely and maliciously, and with intent to injure and defame the plaintiff. No special injury or damage was alleged. The petition contained the usual averments that the plaintiff, "by means of the speaking and publishing of said false and scandalous words is injured in his good name and reputation," "to his damage,

27—8TH KAS.

three thousand dollars," for which sum judgment was demanded. The defendant answered, setting up two defenses—first, a general denial; second, plaintiff under the guise of pretended friendship had sought his confidence respecting the facts in said assault-and-battery case, before the trial thereof, and then had gone upon the stand and testified erroneously concerning his (defendant's) admissions; and that in heat and passion, and smarting under *Harrington's* erroneous testimony, he had told the plaintiff " that he lied." The action was tried at the April Term, 1871. The testimony was not preserved. At the request of plaintiff the court gave the jury the following instructions:

"1st.–If you believe from the evidence that the defendant spoke and published either set of words as charged in the petition of and concerning the plaintiff, and of and concerning the testimony given by said Harrington as to the admissions made by Miles upon the trial had before D. K. B., a justice," etc., "you will find for the plaintiff, and assess his damages in any sum not exceeding the amount claimed in the petition.

" 2d.–If the jury find from the evidence that the defendant spoke to and concerning the plaintiff and in the presence and hearing of any other person or persons, the words, to-wit—'You are a perjured scoundrel—you swore to a lie '—they will find for the plaintiff and assess his damages in any sum not exceeding the amount claimed in the petition."

The court also gave the following instruction:

" If the jury find that the defendant spoke the words charged in a moment of heat and passion induced by any improper conduct immediately preceding on the part of the plaintiff, then the jury will take such circumstance into consideration in determining whether defendant spoke the words maliciously; and if they find that such words were not spoken maliciously, or in a moment of heat and passion so induced, then the jury will *take these circumstances into consideration in mitigation of damages.*"

Defendant *Miles* had asked this last instruction except that, in lieu of the words in *italic*, he had written—" not find for plaintiff any other than the actual damages by him sustained from the publication of such words." The court refused

to give the instruction as asked by defendant, to which refusal, and to all the instructions given, defendant excepted. Verdict and judgment for plaintiff for $400. New trial denied, and *Miles* brings the case here on error.

*W. W. Guthrie*, for plaintiff in error:

1. When one has provoked another into doing a wrong, the law does not require such person to be fined for the benefit of such other person. Unless some actual injury is inflicted the parties are *in pari delicto*, and there is no action. And it matters not how or to what extent one provoked another, the law will not insist that he shall reap benefit from his willful wrong.

This principle was fully held in *Allen v. Bull*, U. S. C. C. for R. I., Nov. 1870; see Am. Law, Reg. for April, 1871, p. 272. And not denied in *Duncan v. Brown*, 15 B. Mon., 198. And is sustained in principle in *Flint v. Clark*, 13 Conn., 369.

2. The instructions given were wrong. The jury were told that they were at liberty to punish the defendant for his wrong, to any extent within plaintiff's demand; and they were so told this in a manner which almost forbid the jury's considering the fact that their verdict was to result to the exclusive benefit of the plaintiff who had *induced* the wrong.

The instructions asked by plaintiff were especially wrong. They told the jury in substance that "if the defendant under any circumstances had told what was not true of plaintiff they were at liberty to punish him by giving plaintiff vindictive, punitory, or exemplary damages." See Townsend, page 380, § 289; 15 B. Mon., 200.

The instruction asked by defendant and refused contained the law as favorably as plaintiff could ask it; and it was error to refuse it.

3. The damages are excessive. The words were used in a sudden passion, just after a trial wherein defendant had been fined mainly through Harrington's evidence. There was no damage done; no intention to injure; no malice—nothing for which to punish Miles, unless there was a contempt of court,

or a breach of the peace, and these give no action to Harrington for damages.

*Lacock & Johnson*, for defendant in error:

1. There is no *proof* of insulting words or bad faith on the part of Harrington. The record shows merely that—"some evidence was offered tending to show" the speaking of the words by Miles as charged—as if the facts were uncontroverted on the trial.

2. The bill of exceptions does not purport to set out all the instructions given. In the absence of the testimony, and of all the instructions, the court cannot say the instructions given were wrong: 5 Kas., 58, 280; 7 Kas., 339.

3. The instruction asked by defendant was double, vague, and indefinite, and calculated to mislead the jury. It leaves the jury to judge what is, and what is not "improper conduct." Improper conduct, that which would justify a slander, is a question of law, to be determined by the court.

Again, the instruction asked was in effect, that plaintiff could not recover at all because special damages were neither claimed nor proved. The charge as given states the rule more strongly than defendant was entitled to. The rule is that such facts go in mitigation only: 1 Hill. on Torts, 405, § 70; Sedgw. on Dam., 568.

The verdict shows that defendant had the full benefit of all mitigating circumstances, and is not excessive.

The opinion of the court was delivered by .

VALENTINE, J.: This whole case depends upon whether there was error in the instructions given and refused to be given by the court below to the jury. The plaintiff in error (defendant below) complains of one instruction asked by himself and refused as asked, but modified and given, and of two instructions asked by the defendant in error, and given. The record does not purport to contain all the instructions given or refused, and hence it is difficult for us to determine whether the court below erred or not.

The action was one of slander for words spoken which were *per se* slanderous, words charging perjury; and, as the record comes to us, it would seem to be established that the words were spoken and published, and that they were false and malicious. The plaintiff below did not allege any special damages in his petition. The defendant below set up certain facts in the second count of his answer which he claimed to be a complete *defense* to the plaintiff's action. He gave evidence at the trial tending to prove these facts; and then upon the charge of the court to the jury he attempted to raise the question whether or not these facts were a complete defense. The court seems to have considered that these facts should be received and considered by the jury only in mitigation of damages. Whether the defendant below succeeded in raising the question he desired to raise we think is doubtful; but conceding that he did, still we think the view of the case taken by the court below was the correct one.

The question is this: When slanderous words which are *per se* actionable are spoken, "in a moment of heat and passion, 1. Slander; de- induced by any [some] improper conduct imme- fense; justifi- cation. diately preceding on the part of the plaintiff," are the said circumstances under which the words were spoken a complete defense to the action, or should they be considered by the jury only in mitigation of damages? We think they should be considered by the jury only in mitigation of damages. We are not aware that any court has ever decided that such circumstances were a complete defense, but many courts have decided that they should be received only in mitigation of damages: *Hotchkiss v. Lathrop*, 1 Johns., 286; *Beardsley v. Maynard*, 4 Wend., 336, and 7 id., 560; *Gould v. Weed*, 12 id., 12, 24; *Dolevin v. Wilder*, 34 How. Pr., 489, 496; *Larned v. Buffington*, 3 Mass., 553; *Child v. Homer*, 13 Pick., 503; *McClintock v. Crick*, 4 Iowa, 453; *Ranger v. Goodrich*, 17 Wis., 78; *Brown v. Brooks*, 3 Ind., 518; *Powers v. Presgroves*, 38 Miss., 227; *Thophagen v. Carpenter*, 1 City Hall R., 55; *Duncan v. Brown*, 15 B. Mon., 186; *Steever v. Buhler*, 1 Miles, 146; *Else v. Ferris*, Anthony N. P., 23; *Wakeley v. Johnson*, Ry. & M.,

422; *Watts v. Frazer*, 34 Eng. Com. L., 82; *Hosley v. Brooks*, 20 Ill., 116, 119; *Thomas v. Dunnaway*, 30 id., 373; *Botolor v. Bell*, 1 Md., 173; *Long v. Eakle*, 4 id., 454; *Davis v. Griffith*, 4 Gill & J., 342.

The reasoning of the plaintiff in error is erroneous. He seems to claim that upon a petition in an action of slander such as this which alleges no special damages no damages except exemplary damages can be recovered; and if the plaintiff himself is in any fault he cannot recover even exemplary damages. We think both of these claims are erroneous. On such a petition the plaintiff may recover for all damages that are the necessary and natural result of the words spoken. (2 Gr. Ev., §§ 254, 420.) These are general damages, in contradistinction to special damages, and are not exemplary at all, but are strictly compensatory. There is nothing in this case that shows that the jury gave any but compensatory damages. The court did not instruct them that they might give exemplary damages; and as all the instructions are not brought to this court, we are at liberty to suppose that the court instructed them that they could not give exemplary damages. And as but little of the evidence has been brought to this court it must be presumed that the amount given by the jury was correct.

*2. Damages; general; compensatory.*

In an action like this, where the words spoken are actionable *per se*, damages are presumed, without any proof of actual damages, either general or special; (*Newbit v. Statuck*, 35 Me., 315; *Williams v. Spears*, 11 Ala., 138; *Holt v. Schofield*, 6 Term R., 619;) and if no special damages are claimed in the petition, no general damages proved, nor exemplary damages allowed by the jury, still the jury should allow nominal damages for the plaintiff. (2 Gr. Ev., § 254.) In such a case as this the law would permit the jury upon proper testimony to allow exemplary damages; and whether they do allow such damages or not is a question for them under all the circumstances. The judgment of the court below is affirmed.

*3. Damages; nominal; exemplary.*

All the Justices concurring.