## SHIPP *vs.* STORY.

1. The verdict in this case is not supported by the evidence.
(*a.*) In a libel suit want of malice may be shown in mitigation of damages; but after proof of the libel it will not authorize a verdict for defendant to show that he had no malice.
2. The better practice is to incorporate all the exceptions taken on the trial before the jury in the motion for new trial, if made, and not to bring a part of the case to the supreme court by motion for new trial and a part directly by bill of exception.

Libel. New Trial. Practice in Supreme Court. Before Judge WILLIS. Marion Superior Court. April Term, 1881.

Reported in the decision.

E. M. BUTT; CARY J. THORNTON, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

CRAWFORD, Justice.

John Q. Shipp brought his action for libel against B. A. Story, for publishing of and concerning him the following article in the Buena Vista *Argus*, a newspaper in the town of Buena Vista, in this state:

Shipp *vs.* Story.

"TO THE PUBLIC.

"One J. Q. Shipp is wanted in this county, to answer the charge of larceny after a trust.          [Signed]          B. A. STORY."

The defendant filed two pleas—the first "not guilty," the second "justification."

Under the evidence and charge of the court, the jury found a verdict for the defendant on the first plea. The plaintiff moved for a new trial, which the court refused, and he excepted. The grounds of the motion were,

(1.) Because the verdict is contrary to evidence, and without evidence to support it.

(2.) Because the verdict is so far contrary to evidence as to shock the moral sense.

(3.) Because the verdict is contrary to law.

1. The plea of justification, and the evidence in the record, puts the matter out of all dispute that the publication was the act of the defendant. Also, that the libel charged a crime, and that malice was thereby implied. The existence of malice may be rebutted by proof, and when done, it will go in mitigation of damages, but will not be a bar to a recovery. The finding of the jury, therefore, in this case, for the defendant on the first plea, was contrary to evidence, and without evidence to support it.

Had the presumption of malice been rebutted by the evidence, the verdict should not have been for the defendant; it was, therefore, error to allow it to stand. Had it been on the second plea, then that would have been sufficient.

2. It appeared in this case that there were exceptions taken to the rulings of the judge upon the trial below, which were not embraced in the grounds of the motion for a new trial, and it was moved by counsel for defendant in error that the plaintiff in error be confined to such exceptions alone as were contained in the motion for a new trial.

There has been no ruling by this court upon this ques-

tion that we are aware of, but we do not hesitate to say that such a practice as this is irregular, if not illegal. If the party has a right to separate exceptions in this way, tnen he has the right to bring up his motion for a new trial, which must be made *during the term* in the court below, and then, within thirty days after the adjournment, he would be entitled to any exceptions had to the matters outside of those contained in the motion. At all events, there is no positive law requiring him to combine the two classes of exceptions in one bill.

Again, it is an unjust practice in this, that it allows the circuit judge no opportunity to review any errors alleged to have been committed. Moreover, one ground is sufficient to incorporate in the motion for a new trial, and then it may be amended to include all others existing up to the time of the final hearing on the motion.

Besides, the evidence in this case is part of the record, and brought up to illustrate the grounds of the motion for a new trial, and it is not allowable to come up as a part of the record in any other case. Therefore, it cannot be legally used for showing error in those other exceptions.

In view, therefore, of the whole matter, and having been requested to rule on the subject, we hold that the better practice is to incorporate all the exceptions taken on the trial before the jury in the motion for a new trial. But inasmuch as it is a new point, we will not apply it to cases brought to this court until after the present term.

Judgment reversed.