### HARTMAN *v.* MORNING JOURNAL ASS'N.

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. LIBEL—MATTER ACTIONABLE PER SE.

A newspaper publication imputing immoral and disgraceful complicity in the conduct of an "insurance swindle," and charging culpable, if not criminal, misbehavior in the management of one's business, is libelous *per se*.

2. SAME—DAMAGES.

In an action for libel against a newspaper of large circulation, where the actual injury to plaintiff is explicit, consisting of scornful treatment by his club and business associates, and there is no proof of probable cause nor of want of malice, a verdict of $5,000 for plaintiff is not excessive.

3. SAME—MALICE—EVIDENCE.

A libelous statement, published without any reasonable proof of its truth, and after it had been expressly contradicted by plaintiff, was on the trial not supported by any evidence, and its character was such as to justify the belief that it was published merely for sensational effect, and not out of regard for the public welfare. *Held*, that there was evidence of express malice to be considered by the jury in rendering a verdict.

Appeal from trial term.

Action for libel by Charles J. Hartman against the Morning Journal Association. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Dos Passos Bros.*, (*John R. Dos Passos*, of counsel,) for appellant. *Louis J. Grant*, for respondent.

PRYOR, J. We are not convinced by the able argument of counsel for the appellant that this judgment should be reversed. The exceptions to the charge are clearly untenable, for in his instructions to the jury the learned trial judge went to the utmost verge of the law to protect the rights of the defendant. Neither is there merit in the exceptions to evidence; but, if otherwise, they are ineffectual for lack of specific grounds of objection. *Cruikshank* v. *Gordon*, 118 N. Y. 178, 23 N. E. Rep. 457. Beyond all question the writings complained of are libelous *per se*, because they plainly and unequivocally impute to the plaintiff immoral and disgraceful complicity in the conduct of an "insurance swindle," and reproach him with acts of culpable, if not criminal, misbehavior in the management of his business. *Witcher* v. *Jones*, (Com. Pl. N. Y.) 17 N. Y. Supp. 491; *Morey* v. *Association*, 123 N. Y. 207, 25 N. E. Rep. 161; *Sanderson* v. *Caldwell*, 45 N. Y. 398; *White* v. *Nichols*, 3 How. 266; *Moore* v. *Francis*, 121 N. Y. 199, 23 N. E. Rep. 1127. The publication being libelous, and confessedly made by the appellant, the defense was justification, and matter in mitigation of damages. But the issues upon these pleas were submitted to the jury, and determined adversely to the appellant, and, so far from being against the weight of evidence, the verdict, in our judgment, is supported by proof of the most convincing character.

No resource, then, is left to the appellant but to challenge the verdict as excessive in the amount of damages; and this, obviously, is the real reliance of the learned counsel. In actions for defamation, there is no legal measure of damages, (*Shute* v. *Barrett*, 7 Pick. 84; *Coleman* v. *Southwick*, 9 Johns. 52; *Wadsworth* v. *Treat*, 43 Me. 163,) but the amount which the injured party ought to recover is referred to the sound discretion of the jury, (*Littlejohn* v. *Greeley*, 13 Abb. Pr. 41; cases *supra*;) and the only control over their decision is in the power of the court to set aside a passionate, perverse, partial, or corrupt verdict, (*Shute* v. *Barrett*, 7 Pick. 84; *Clark* v. *Binney*, 2 Pick. 119; *Trabue* v. *Mays*, 3 Dana, 138; *Bentley* v. *Reynolds*, 1 McMul. 16; *Coleman* v. *Southwick*, 9 Johns. 52; *Beehler* v. *Steever*, 2 Whart. 326; *Burt* v. *McBain*, 29 Mich. 260; *Miles* v. *Harrington*, 8 Kan. 425; *Zuckerman* v. *Sonnenschein*, 62 Ill. 115; *Snyder* v. *Fulton*, 34 Md. 128; *Lick* v. *Owen*, 47 Cal. 252.) Hence the familiar rule that a verdict for defamation will not be set aside because of excessive damages unless so exorbitant as to imply prejudice, partiality, mistake, or corruption on the part of the jury. Townsh. Sland. & L. (4th Ed.) § 293. The question, then, is whether this verdict of $5,000 be of such enormity as to suggest the influence with the jury of some defective intelligence or sinister motive. The unprivileged publication of matter libelous *per se* raises an undisputable presumption of malice,—*Bromage* v. *Prosser*, 4 Barn. & C. 247; *Dakota* v. *Taylor*, 1 Dak. 471; *Hamilton* v. *Eno*, 81 N. Y. 116; *Byam* v. *Collins*, 111 N. Y. 143, 19 N. E. Rep. 75; and this legal inference of malice goes to the jury, who consider the particular circum-

stances of the case, and in the exercise of their judgment determine what sum will afford proper reparation to the plaintiff,— *Warner* v. *Press Co.*, (N. Y. App.) 30 N. E. Rep. 393; *Yeates* v. *Reed*, 4 Blackf. 463; *Johnson* v. *Robertson*, 8 Port. (Ala.) 486; *Rigden* v. *Wolcott*, 6 Gill & J. 413; *Miles* v. *Harrington*, 8 Kan. 425; *Pool* v. *Devers*, 30 Ala. 672. In libel or slander, where the words are actionable *per se*, no actual damage or express malice need be shown, but the jury must still award full compensation for the injury. *King* v. *Root*, 4 Wend. 113; *Langton* v. *Hagerty*, 35 Wis. 150; Townsh. Sland. & L. p. 290, note 7; *Hubbard* v. *Rutledge*, 52 Miss. 584. If one be defamed, the law presumes that he has been injured; he leaves the amount of such injury to the determination of the jury, (*Boogher* v. *Knapp*, 76 Mo. 457; *Republican Pub. Co.* v. *Miner*, 12 Colo. 77, 20 Pac. Rep. 345,) and the damages should be commensurate with the injury, (*True* v. *Plumley*, 36 Me. 481.) Matter in mitigation as disproof of express malice operates only to prevent recovery of exemplary damages, but is ineffectual to reduce the amount of the damages actually sustained. *Witcher* v. *Jones*, *supra; Rearick* v. *Wilcox*, 81 Ill. 77; *Shipp* v. *Story*, 68 Ga. 47; *Wozelka* v. *Hettrick*, 93 N: C. 10. If the publication be libelous *per se*, and false, sufficient is shown to require the submission of the question of malice to the jury, and to warrant the allowance of exemplary damages. *Bergmann* v. *Jones*, 94 N. Y. 52. In assessing damages the jury may allow for injured feelings. *Fry* v. *Bennett*, 4 Duer, 247; *Hamilton* v. *Eno*, 16 Hun, 601, affirmed 81 N. Y. 116. Defamation by print implying greater deliberation, a more extensive operation, and a permanent effect, the law will presume damage from less serious matter thus published than when orally uttered. 3 Suth. Dam. 641. The greater the circulation of the paper, the greater the probable injury. *Gathercole* v. *Miall*, 15 Mees. & W. 319; *Fry* v. *Bennett*, 28 N. Y. 324; *Bigelow* v. *Sprague*, 140 Mass. 425, 5 N. E. Rep. 144; *McAllister* v. *Press Co.*, 76 Mich: 338, 43 N. W. Rep. 431. In the case at bar the proof of actual injury to the plaintiff from the defamatory publications was explicit and uncontroverted; namely, in the repulse or scornful reception he encountered from his club and business associates. To a person of refined sensibilities— and the evidence authorizes the inference that such was the plaintiff—a mere pecuniary loss, no matter how heavy, is nothing in comparison with the agonizing sense of humiliation and mortification under the frown of public hatred and contempt. On the trial, counsel for appellant claimed for his client that the circulation of its journal is limited only by the confines of the habitable globe; and the propagation of plaintiff's infamy being thus universal, and its effect the sacrifice of the respect and companionship of his cherished associates, what right-thinking or right-feeling man will say that a verdict of $5,000 is an inordinate reparation for such a wrong? The amount of damages awarded, being, then, only in recompense of actual injury, is not to be reduced by any circumstances of mitigation.

But in truth the matters pleaded in mitigation, namely, probable cause and absence of malice, are not supported by the evidence. Probable cause for publication of a libel is not to be accorded to him who grasps at the calumny with avidity, and prints it without reasonable proof of its authenticity. Common justice requires that before scattering its charges broadcast the defendant should hear the plaintiff's story, or at all events should publish the charges only upon the authority of a responsible person. But here the defendant precipitately arraigned the plaintiff at the bar of public opinion, and accused him of misappropriating the funds of his company, on the irresponsible statement of a man masquerading under an *alias*. Nay, more, this particular calumny was published after its contradiction by plaintiff, and on the trial was not pretended to be supported by a *scintilla* of evidence. "A reporter has no right to gather stories on the street about a citizen, to his detriment, and publish them as facts in a newspaper." *McAllister* v. *Press Co.*,

76 Mich. 338, 43 N. W. Rep. 431. "In an action for libel, if it appears the libel was published with no intent to injure, and that all proper precautions were observed in publishing it, actual damages only are recoverable." *Association* v. *Tryon*, (Mich.) 4 N. W. Rep. 267. "Mere belief in the truth of a publication is not sufficient to constitute good faith on the part of the publisher. He must be free from negligence as well as improper motives in making it. It is his duty to take all reasonable precaution to verify the truth of the statement, and to prevent untrue and injurious publications against others." *Allen* v. *The Press*, (Minn.) 41 N. W. Rep. 936; *Morey* v. *Association*, 123 N. Y. 207, 25 N. E. Rep. 161. In the evidence before us the jury found sufficient ground for the inference that the publication of the libel was ventured with a reckless indifference to its truth or falsity, and by all authorities a wanton is as efficient as a willful injury in the infliction of punitive damages. *Warner* v. *Press Co.*, (N. Y. App.) 30 N. E. Rep. 393. Appellant urges, nevertheless, that the libel was published with no other motive than to explode a swindle mischievous to the welfare of the community. But from the irrelevant and unnecessary attacks upon the plaintiff personally, from the startling headlines with which appellant ushered its calumnies, and from the prurient passion for popularity visible in the articles, the jury were authorized to believe that not the public good, but the interest of sensational journalism, was the real inspiration of the libel. The learned trial judge, in that spirit of fairness towards the defendant to which we have already adverted, and with less opportunity to scrutinize the evidence than is afforded to us, charged the jury that there was no proof of actual or express malice. But when we consider that want of probable cause is itself evidence of malice, when we observe the defendant persisting in the libel notwithstanding plaintiff's denial of the charges, and especially when he fails to offer one particle of proof in support of the justification pleaded for the accusation of embezzlement against the plaintiff, we do not hesitate to affirm that the jury would have been well warranted in imposing even a heavier penalty than that of which the defendant complains. *Cruikshank* v. *Gordon*, 118 N. Y. 178, 23 N. E. Rep. 457; *Bergman* v. *Jones*, 94 N. Y. 52.

Judgment and order affirmed, with costs. All concur.