## W. M. WALKER v. MARGARET R. WICKENS.

1. SLANDER — *Exemplary Damages* — *Instruction.* In an action for slander, exemplary damages can only be awarded where the defendant was actuated by malice toward the plaintiff in speaking the defamatory words; but the erroneous omission of the element of malice from an instruction with reference to such damages becomes unimportant where the jury specially find that the defendant was actuated by ill-will and bad intent in the speaking of the words.

2. MALICE, *When Implied.* Where the words spoken impute a crime to the defendant, and the defendant asserts their truth in his answer, and reiterates the same upon the witness-stand at the trial, and they are proven to be false, the law implies malice.

3. ———— *Measure of Damages.* In such cases, damages are not limited to the amount of actual pecuniary loss which the plaintiff is able to prove, but as a general rule, when the falsity of the charge is proved, it is sufficient to warrant the jury in giving exemplary damages.

4. VERDICT, *Sustained.* The testimony examined, and *held* to be sufficient to sustain the findings and verdict of the jury.

*Error from Nemaha District Court.*

THE opinion states the facts.

*Chas. Hayden,* and *James Falloon,* for plaintiff in error:

1. In view of the fact that no special damages were claimed or proven, and that Mrs. Wickens did not suffer any in her business or in the estimation of her neighbors, the damages awarded by the jury must be those following from the uttering of words *per se* actionable, and have been given by reason of express malice on the part of Mr. Walker. The evidence as to whether or not Mrs. Wickens or her husband had any credit at the store, what effort if any was made to collect the account, and that Mr. Walker only spoke to a justice in regard to prosecuting, should have been admitted as bearing on the question of express malice. When it is sought to ascertain the mind of a person, all the conditions surrounding him and exactly what he did should be admitted in evidence. Again, the evidence is admissible un-

der § 126 of the code, that upon the truth being pleaded, proof of mitigating circumstances may be given to reduce the amount of damages.

2. We further submit to this court, that as all the testimony is preserved, the question as to whether or not Mr· Walker was actuated by express malice can be reviewed. There is no testimony showing that he acted willfully or maliciously in the premises. The testimony discloses that a person who had not traded at a store for a number of months goes in and finds one of the proprietors busily engaged, and almost surreptitiously takes a pair of shoes without giving the owner an opportunity to ascertain the price or quality of the shoes taken, and claiming to say, "I will take these;" and the proprietor, not knowing that fact, discovers the next day that the shoes have been taken, becomes suspicious, and upon a supposed denial has his suspicions confirmed; consults a justice as to whether or not he should prosecute, does not bear out the findings of the jury, and cannot support the verdict in this case, that Mr. Walker should pay $250 with costs for any supposed malice.

3. We think the court erred in instructing the jury as to the measure of damages in this cause. The court stated "that if the defamatory words were untrue, then the jury might, from all the surrounding circumstances, give such damages as ought to be given; that the jury were not confined to such damages as would compensate the plaintiff for what injuries she may have sustained, but that the jury might, by way of punishment, allow such damages as from the evidence of the case they believed the defendant ought to pay, not exceeding the amount claimed, and if the plea of justification was untrue, then they might consider that in aggravation of damages." This is punishing the plaintiff in error without regard to any wanton or willful conduct on his part.

We understand the law to be that, in cases of express, wanton, unmitigated malice or ill-will, then exemplary or punitory damages may be recovered. Field, Dam., § 692; *Miles v. Harrington*, 8 Kas. 425. The plaintiff in error re-

quested the court to instruct the jury that, before the plaintiff would be entitled to recover more than actual damages, she would have to prove that the plaintiff in error was actuated by a malicious, wicked or malignant motive in speaking the defamatory matter. We think that this was the true rule in the case, as the plaintiff did not prove any special damages, and was not entitled to general damages, under the evidence.

4. The plaintiff in error also requested the court to instruct the jury that any conversation between him and any officer of the law in regard to the course to be pursued in regard to the defendant would be privileged. This the court refused. It raised the same question as when plaintiff in error attempted to show to whom he uttered the injurious words, when he consulted with N. S. Smith, a justice of the peace, as to what course to pursue. The plaintiff in error requested the court to instruct the jury that any statements made by plaintiff in error at the procurement and suggestion of the defendant in error would be privileged, unless the defendant maliciously and willfully took advantage of the request, and stated and falsely charged plaintiff with crime. This we think also should have been given, in view of the fact that the defendant in error and her daughters testified as to the statements made by Mr. Walker when he went down to the house of Mrs. Wickens at her request. Certainly what he would then say in response to a question should not be considered by the jury, and more especially when given under an attempt to settle matters.

5. The plaintiff in error also requested the court to instruct the jury, which was refused, "that if, from Mrs. Wickens's acts and conduct, he was honestly led to believe that she committed the crime of larceny, and, without any intention of injuring or wronging the plaintiff, made statements of how he understood the facts and what impression it made on his mind, then such statements would be not malicious, and plaintiff would only be entitled to recover the actual loss by her sustained, even though such statements were in fact untrue." This, we think, embodies a correct statement of law in

the case, that if a person by his conduct induces a particular belief in the mind of another, then the mere uttering of that belief is no evidence of malice. *Schultz v. Miller*, 1 Ind. 544; *Hayward v. Foster*, 16 Ohio, 88. In the Ohio case it was decided that defendant might give any circumstance in evidence in mitigation of damages tending to show that he spoke the words under a mistaken construction placed upon conduct which was, in fact, no justification.

6. The plaintiff in error also requested the court to instruct the jury, which was refused, that express malice, a wicked motive, or special ill-will, on the part of the defendant toward the plaintiff, is not to be inferred alone from the fact that the words spoken were false and injurious.

7. We respectfully submit to this court that because the plaintiff is a woman is no justification for a jury to mulct Mr. Walker in damages. We think there is not sufficient testimony to support the general verdict or the special findings of the jury. The almost undisputed facts, from the testimony of Mrs. Wickens herself, discloses very extraordinary conduct on on her part, and a state of facts that ordinarily would convict a person of crime. This court has set aside verdicts, although approved by trial courts, when there was no testimony to warrant the verdict and judgment. *Morrill v. Raymond*, 28 Kas. 415.

*Wells & Wells*, for defendant in error:

Counsel for plaintiff in error say in their brief: "We respectfully submit to this court that because the plaintiff is a woman is no justification for a jury to mulct Mr. Walker in damages." If so, we can only say, in the words of the illustrious potentate from Japan: "It has nothing to do with the case." We cannot believe that it is possible for a person of good judgment and an ordinary knowledge of human nature to read the pleadings and evidence in this case and fail to be convinced, not only that there was sufficient evidence upon which the jury found express malice and ill-will, but that

such malice was abundantly shown during the whole progress of the case.

The plaintiff in error complains that the court erred in giving a certain instruction and in refusing certain others. We think no error appears therein, but if there was it would be immaterial in this case, as the jury found, in response to special questions submitted to them by the defendant below, that the slander was prompted by special ill-will or bad intent towards the plaintiff, and that the defendant did not have apparent ground for believing and actually did not believe the words when he uttered them. Under this state of facts, the only question that can possibly be material here is: "Had the jury any evidence on which to make these findings?" That they had, seemed to be conceded by defendant in asking the questions. It is impossible to prove malice and ill-will by positive evidence, as its existence lies in the heart of the accused, and he alone knows its secrets. If it is found at all it must be drawn as an inference from everything that is proved taken as a whole, and every fact, no matter how small, every circumstance, no matter how trivial, which bears upon the question must be considered by the jury. *United States v. Meagher,* 37 Fed. Rep. 879; *United States v. King,* 34 id. 312.

The words charged, and admitted to have been uttered, and reiterated in the answer, were actionable *per se;* and it was the province of the jury to determine, in view of all the evidence, what damages should be allowed; to consider the whole of the circumstances of the case, the occasion of the uttering, the relationship between the parties, and every fact and incident connected therewith. *Hess v. Sparks,* 44 Kas. 465.

The last-cited case, on motion for a rehearing (id. 471), also disposes of the other causes of complaint in the brief of plaintiff in error in regard to privileged communications and facts in mitigation of damages. But aside from the question of malice, the jury had a right to consider "every circumstance of the act which injuriously affected the plaintiff, not

only in her property, but in her person, her peace of mind, in short her individual happiness." *Tabor v. Hutson*, 5 Ind. 322; *Croaker v. C. & N. W. Rly. Co.*, 36 Wis. 657.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for malicious slander. W. M. Walker, a merchant in Sabetha, stated to several persons that Margaret R. Wickens had stolen shoes from his place of business. When she brought an action to recover damages for the alleged slander, he answered that the charge which he had made was true, and that she did commit larceny in taking the shoes. At the trial, the jury found that the charge of larceny made by Walker was untrue; that he was prompted by ill-will and bad intent toward Mrs. Wickens in uttering the slander, and had no grounds for believing the charge to be true; and that, at the time he charged her with stealing shoes, he did not actually believe she had done so. In the general verdict the damages were assessed at $250.

Some objections are made by Walker to the admission of testimony respecting the speaking of the slanderous words, but as he admitted the uttering of the words, and reiterated them in his answer, there is nothing substantial in these objections. He undertook to justify by showing that he not only gave publicity to the charge, but that she was actually guilty of the crime imputed to her. He signally failed in his defense, and although it is urged that the testimony does not warrant the action of the jury, we think it is sufficient to sustain both the special findings and verdict.

Some complaint is made as to the instructions, which, although voluminous, are in our opinion substantially correct. The jury were told that, if the defamatory words spoken were untrue, damage might be presumed without proof of actual damage; that the plaintiff would be entitled to at least nominal damages, and in addition thereto to such general damages as the evidence might show she had sustained. They were also advised that exemplary damages might be allowed, not exceeding the amount claimed by the plaintiff in her petition.

A criticism is made because the court did not make malice essential to the awarding of exemplary or punitive damages. The instruction with respect to exemplary damages is subject to criticism in this respect; but the jury have found that the imputation of crime was false; and further, that Walker was actuated by special ill-will and bad intent toward Mrs. Wickens in making the charge; and hence the omission becomes unimportant. The defamatory words used by Walker are actionable of themselves, and having asserted their truth in his answer, and reiterated the same upon the witness-stand at the trial, and being found to be false, the law implies malice. In such cases damages are not limited to the amount of actual pecuniary loss which the plaintiff is able to prove; but as a general rule, when the falsity of such a charge is proved, it is sufficient to warrant the jury in giving exemplary damages. It was the province of the jury to determine whether the slanderous charge and the circumstances surrounding it were of such a character as required the assessing of damages by way of punishment. There was testimony offered which, although contradicted, tended to show actual malice; and this, together with what was fairly implied from the falsity of the slanderous charge, is sufficient to sustain the special finding returned by the jury that Walker was actuated by malice. The jury were told that if the circumstances which came to Walker's attention, connected with the taking of the shoes by Mrs. Wickens from his place of business, were such as to induce the belief which he expressed, and if in good faith he spoke the defamatory words believing them to be true, such fact might be considered by the jury in mitigation of any damages that the plaintiff had sustained. The giving of this instruction answers some of the objections made to the refusal of the instructions requested. In view of the fact that the slanderous charge was found to be false, and that the character and standing of Mrs. Wickens were well sustained by all or nearly all of the witnesses, the amount of damages awarded was moderate, and we think none of the exceptions urged by the plaintiff in error can be sustained. *Miles v. Harrington,*

8 Kas. 425; *Hess v. Sparks*, 44 id. 465, 471; *Bergman v. Jones*, 64 N. Y. 51; *Hubbard v. Rutledge*, 52 Miss. 581; *Gilman v. Lowell*, 24 Am. Dec. 96; *Flagg v. Roberts*, 67 Ill. 485; Newell, Defam. 329, 842; 13 Am. & Eng. Encyc. of Law, 432.

The case appears to have been fairly submitted to the jury, and, there being testimony to sustain its findings and verdict, we find no sufficient reason for a reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.