The State v. Park.

THE STATE OF KANSAS v. W. I. PARK.

No. 10655.

PERJURY — *accused as witness guilty of, in falsely answering question affecting credibility.* The false answer of a defendant, who became a witness in his own behalf in a criminal prosecution, that he had never been convicted of a certain felony, was material in that it affected his credibility, and perjury can be predicated thereon.

*Appeal from Harvey District Court.*
*Hon. F. L. Martin, Judge.*

REVERSED AND REMANDED.        OPINION FILED NOVEMBER 7, 1896.

*F. B. Dawes*, Attorney General, and *C. E. Branine*, County Attorney, for appellant.

*W. S. Allen*, for appellee.

JOHNSTON, J.   This was a prosecution on a charge of perjury.   In the information it was alleged that, in May, 1896, W. I. Park was tried in the District Court of Harvey County on a charge of grand larceny, and, at the trial, he became a witness in his own behalf; that on cross-examination he was asked by counsel for the State — for the purpose of affecting his credibility — whether or not he had been convicted of grand larceny or any other felony in the State of Missouri and as punishment for such offense been sentenced to and confined in the penitentiary of the State of Missouri for a portion of the years 1893 and 1894; and that in answer to such inquiry he swore that he had never, at any time, been convicted of grand larceny or other felony in the State of Missouri or in any other place, and that he had never, at any time, been confined in the penitentiary of Missouri; whereas, in truth and in fact, he had been, on the 31st day of May, 1893, duly convicted of grand lar-

ceny in the County of Vernon, State of Missouri, and on that day had been sentenced to the penitentiary of that State for the term of two years, and on the 1st day of June, 1893, had been lawfully placed in that penitentiary and held and confined there under the sentence until the 24th day of November, 1894. The information contained the requisite averments in respect to the administration of the oath, the nature of the proceeding in which it was administered, and as to the materiality of the statements alleged to be false. The information was quashed for the reason that the facts alleged therein were deemed insufficient; and the defendant was discharged. This ruling appears to have turned on the materiality of the alleged false statements, and this is the only question presented on the appeal taken by the State.

To constitute perjury the false statements must be material to the subject under consideration, or such as would tend to influence the determination of the issues to be decided. The question whether the defendant had been previously prosecuted and punished for committing grand larceny in Missouri, although in a certain sense collateral to the question on trial, can hardly be treated as immaterial. In the trial wherein false statements are alleged to have been made, Park voluntarily became a witness in his own behalf, and he was therefore subject to the same rules on cross-examination as any other witness. He having assumed the position of a witness, it was competent for the state, upon cross-examination, to test his veracity and credibility. It is well settled in this State that a defendant may be asked questions disclosing his past life and conduct; and the State may even go to the extent of inquiring if he has ever been convicted of the same offense as that for which he is

upon trial. *The State v. Pfefferle*, 36 Kan. 90; *The State v. Probasco*, 46 id. 310; *The State v. Wells*, 54 id. 161. Not only was the statement of the witness, therefore, competent, but it had an important bearing upon the credit to be given to his whole testimony; and .it is generally held to be perjury to swear falsely to anything affecting the credibility of the witness himself or the credibility of another witness in the case. In *Wood v. People*, 59 N. Y. 117, it is held that "it is not necessary that the false statement tends directly to prove the issue in order to sustain an indictment for perjury; if circumstantially material, or if it tends to support and give credit to the witness in respect to the main fact, it is perjury." The Texas Court of Appeals has held that perjury may be predicated on a false answer of a witness that he had never been convicted of a felony, as such answer affects his credibility and is therefore material to the issue. *Williams v. The State*, 28 Tex. Ct. of App. 301. See, also, *United States v. Landsberg*, 23 Fed. Rep. 585: *Washington v. The State*, 22 Tex. Ct. of App. 26; 2 Bishop's New Crim. Law, § 1032; Clark's Crim. Law of Canada, 389; Tiffany's Crim. Law, 850; 3 Greenl. Ev. § 195.

The judgment of the District Court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.