The State v. Abbott.

---

THE STATE OF KANSAS v. JOHN ABBOTT.

No. 12,920.   (69 Pac. 160.)

SYLLABUS BY THE COURT.

1. EVIDENCE— *Cross-examination to Impair Credibility — Specific Discreditable Acts.* For the purpose of impairing his credibility, a witness who gives material testimony may be cross-examined as to his past conduct and character, and as to specific acts which tend to discredit him.

2. CRIMINAL LAW— *Defense of Alibi — Misleading Instruction.* Where the witnesses for the state undertake to fix the time of the commission of an offense, and are not entirely in accord in that respect and the accused makes the defense of alibi and introduces proof that he was elsewhere at the times fixed by the witnesses, an unqualified instruction that the time of the commission of the offense is not important, if it be shown to be within two years immediately preceding the prosecution, is misleading and erroneous.

Appeal from Elk district court; G. P. AIKMAN, judge. Opinion filed June 7, 1902. Reversed.

*A. A. Godard*, attorney-general, and *L. Scott*, county attorney, for The State.

*John Marshall*, and *Lambert & Huggins*, for appellant.

The opinion of the court was delivered by

Johnston, J.: John Abbott was prosecuted upon the charge of rape, committed on the person of Desdemonia Harrolson, a girl under eighteen years of age, and he was convicted of an attempt to commit that offense. Mrs. Sadie Stutzman was the mother of the girl and the prosecuting witness. It was claimed that Mrs. Stutzman and the defendant had been unduly intimate for several months prior to the commission of the alleged offense, and that their illicit relations had been brought to the knowledge of her husband; that Mrs. Stutzman met the defendant in the woods near her house, in the absence of her husband, and demanded money from the defendant, which was not furnished, and that then she began the prosecution against the defendant for the offense against her daughter. She claims to have known of the alleged offense within a few hours after its commission, and it is said she made no complaint for more than a month, nor until the demand for money was refused.

It is claimed by the defendant that the prosecution was malicious; that it was brought to blackmail him, and to appease Mrs. Stutzman's husband, who had learned of her infidelity. After she had testified in behalf of the state, she was asked on cross-examination if it was not a fact that from October of the previous year until within a few days before demanding the money from the defendant, she had met him in the timber near the house and had illicit relations with him, but the court, on objection of the county

attorney, excluded the testimony. A ` further effort was made to show the relations between her and the defendant immediately prior to the demand for money and the commencement of the prosecution, but the court would not permit inquiry to be made. It was competent for the defendant to cross-examine the witness as to her antecedents, character, and past conduct, and thus impair her credibility. This line of inquiry became important because of the contention that the prosecution was prompted by the malice of this witness, resulting from a failure to extort money, and some of the circumstances surrounding the case seem to justify a full cross-examination as to her past conduct and character. There is no better method of sifting the conscience and testing the veracity and credibility of a witness than by cross-examination, and there is abundant authority holding that for the purpose of impairing the credibility of the witness he may be cross-examined as to specific acts tending to discredit him, although such acts are irrelevant and collateral to the main issue. (*The State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *The State v. Probasco*, 46 id. 310, 26 Pac. 749; *The State v. Wells*, 54 id. 161, 37 Pac. 1005; *The State v. Park*, 57 id. 431, 46 Pac. 713; *The State v. Greenburg*, 59 id. 404, 53 Pac. 61; *Brandon v. The People*, 42 N. Y. 265; *People v. Casey*, 72 id. 393; *Hanoff v. The State*, 37 Ohio St. 178, 41 Am. Rep. 496; *Tla-Koo-Yel-Lee v. The United States*, 167 U. S. 274, 17 Sup. Ct. 855, 92 L. Ed. 166; *Martin v. The State* [Ala.], 28 South. 92.)

In the case of Tla-Koo-Yel-Lee, a witness testified against her husband, and, on cross-examination, questions were asked, with a view of showing that since the arrest of her husband she had been living with another person as his wife, under an agreement that

if her husband was convicted they should continue to live together as husband and wife. The supreme court of the United States held that the questions were material as bearing upon the character and credibility of the witness, and that their exclusion was prejudicial error. In *Martin v. The State*, supra, a witness testified that the defendant had purchased certain meat which he was charged with stealing, and with a view of showing bias and prejudice it was held to be proper to cross-examine the witness as to her conduct with the defendant, although it involved illicit sexual intercourse, so long as she did not claim immunity from answering on account of subjecting herself to criminal prosecution, or its tendency to degrade her. Following these authorities, it must be held that the refusal of the court to permit a full cross-examination of Mrs. Stutzman was material error.

The next objection relates to the charging of the jury. The information charged that the offense was committed on the —— day of June, 1901. The testimony tended to show that it was committed on a certain Saturday in the month, and the prosecuting witness stated that it was not on the first Saturday of the month, nor on the last, but that it was committed on Saturday, the 22d of June. The defendant set up as a defense an alibi, and introduced evidence tending to prove that on Saturday, June 15, he was in another place, some considerable distance away; that he was five miles away from the alleged scene of the crime on June 22, and that he was at the city of Howard on Saturday, June 29. The court instructed the jury that one of the defenses interposed by the defendant was an alibi, and that the fact that the defendant was present at the time and place the offense was

committed must be proven by the state beyond a reasonable doubt. In another instruction, however, the court told the jury that it was "not necessary that the precise date of the commission of the offense be proven if it is established beyond a reasonable doubt by the evidence that said offense charged or included therein was committed within two years just preceding the commencement of the prosecution." There is good ground to complain of the quoted instruction given, as it was without qualification. It correctly states the law so far as the statute of limitations is concerned, but in view of the defense of alibi made, it could not be said that the time at which the offense was committed was immaterial, provided it was shown to have occurred within two years before the commencement of the prosecution. It was not necessary that the proof of alibi should cover the entire two-year period prior to the commencement of the prosecution. It was necessary that it should cover the time sufficient to render it impossible, or at least improbable, that the defendant could have committed the offense. The testimony was to the effect that it was committed on some Saturday in June, 1901, and the prosecuting witness swore positively that it was on Saturday, the 22d day of June. Proof that the defendant was not at the place where the offense was committed on the days named by the witnesses for the prosecution, if believed, entitled the defendant to an acquittal. Since the time was fixed by the witnesses within certain limits, the instruction that the time of the commission of the offense was immaterial, if shown to be within the two-year period, rendered the proof of alibi valueless. It was the duty of the court to frame its instructions to fit the facts of the case, and, as the

defense of alibi was interposed, the unqualified in-struction as to time was misleading and erroneous. The judgment of the district court will, therefore, be reversed, and the cause remanded for another trial.

DOSTER, C.J., CUNNINGHAM, ELLIS, JJ., concurring.