NETTIE RAMSEY, *Appellee,* v. HARRY A. PARTRIDGE,
*Appellant.*

No. 17,245.

SYLLABUS BY THE COURT.

1. SLANDER—*Witness — Impeachment—Cross-examination—Collateral Offenses.* A cause of action depended upon the testimony of one witness, whose credibility was variously impeached and supported by a number of witnesses. When called on rebuttal he was asked on cross-examination whether he had within three or four years lived with a woman in illicit cohabitation and had invited different persons to have improper relations with her for a consideration, and whether he had "a government permit to sell intoxicating liquor." An objection to such questions was sustained and an offer to prove as indicated was overruled. *Held,* error.

2. ———— *Allegations of Petition — Evidence — Variance.* Language substantially the same as charged shown to have been spoken at the time and place charged, in the presence of only one of the two alleged persons, and language substantially the same as charged shown to have been spoken at the place and in the presence and hearing of the persons alleged and at or near the time alleged, sufficiently meets the allegations of the petition and is not subject to the charge of material variance.

3. EVIDENCE — *Communications between Husband and Wife.* Plaintiff testified that the use of the alleged words had been communicated to her. On cross-examination she stated that such communication was by her husband. *Held,* that a motion to strike out her testimony as to the fact of the communication was properly overruled.

Appeal from Coffey district court. Opinion filed February 10, 1912. Reversed.

*W. S. Kretsinger,* and *G. H. Lamb,* for the appellant; *Lamb & Hogueland,* of counsel.

*Henry E. Ganse,* and *Louis H. Hannen,* for the appellee.

Ramsey v. Partridge.

The opinion of the court was delivered by

WEST, J.: Action for slander. The first count alleged that at a certain time and place certain language was used by the defendant in the presence and hearing of two persons. The testimony showed that substantially the language charged was used at the time and place but in the presence and hearing of only one of the persons. The second count charged that at another place, on the 15th day of July, 1908, the defendant used certain language, and the testimony showed that substantially the language charged was used at the time and place designated, but on cross-examination the witnesses testified that it was some time either the latter part of July or the first part of August. The witness as to the second count, whose reputation for truth and veracity was impeached by several witnesses and supported by several others, was asked on cross-examination, after he had been recalled by the plaintiff in rebuttal, if he had not three or four years before lived with a woman illicitly and invited different persons to have improper relations with her for a consideration and also whether he did not have a "government permit to sell intoxicating liquor." An objection to these questions was sustained and an offer to prove what the questions indicated was overruled. The answer charged, among other things, that the defendant had been greatly irritated, annoyed and humiliated, and while denying the use of the language charged alleged that he had reasonable grounds for believing and did believe at the time that whatever he said of the plaintiff was true. The court instructed that when the defendant pleads that the words which he spoke, if he did speak them, were true, and he thereafter abandons or fails to prove his belief, such failure to prove or abandonment of the plea may be taken into consideration in estimating damages, and that it is evidence tending to show malice and continued malice. It was

stated in the argument that the plea of justification was withdrawn at the trial, but we do not find any evidence thereof in the record. The plaintiff recovered a judgment and the defendant appeals, assigning as error the alleged variances already indicated, the ruling as to the cross-examination of the witness and the instruction touching the plea of justification.

An examination of the authorities shows that there was no error in the instruction referred to and that words of substantially the same meaning as those charged were used in the one instance at the time and place charged and in the other at the place and about the time charged, and no material variance was shown.

As to the witness whose credibility was attacked, counsel urges that the defendant should have been allowed by proper examination to show if possible what was offered to be shown thereby. It has frequently been held that on cross-examination a witness may be questioned, for the purpose of impairing his credibility, concerning his past conduct and character and as to specific acts though irrelevant and collateral to the controversy in the case. (*The State v. Pugh,* 75 Kan. 792, 90 Pac. 242; *The State v. Abbott,* 65 Kan. 139, 69 Pac. 160.) In *The State v. Abbott,* supra, the judgment of conviction was reversed partially upon the ground that a similar cross-examination was not permitted by the trial court. It was there said:

"There is no better method of sifting the conscience and testing the veracity and credibility of a witness than by cross-examination, and there is abundant authority holding that for the purpose of impairing the credibility of the witness he may be cross-examined as to specific acts tending to discredit him, although such acts are irrelevant and collateral to the main issue." (p. 141.)

While as a general thing the limits of cross-examination are within the discretion of the trial court, we think they were unduly restricted in this case, to the prejudice of the defendant's rights. Six witnesses testi-

fied that the reputation of this witness for truth and veracity was bad, three witnesses had testified that it was good and one that it was fairly good. The jury appears to have believed his testimony, and had the cross-examination been allowed and had the offer to prove been accepted and made good it is not only possible but probable that it would have materially affected his credibility in the minds of the jury. In *The State v. Park,* 57 Kan. 431, 46 Pac. 713, it was held that the false answer of a defendant who became a witness in his own behalf, that he had never been convicted of a certain felony, was material and that perjury could be predicated thereon. In the opinion it was said:

"Not only was the statement of the witness, therefore, competent, but it had an important bearing upon the credit to be given to his whole testimony." (p. 433.)

If such testimony be competent and important in a criminal case in behalf of the state it would seem that the tesimony ruled out must have been competent and important for the defendant in this case, and if competent and important it should not have been excluded merely because it was to come from the lips of the witness himself on cross-examination.

The plaintiff was asked if the speaking of the language charged had been communicated to her and answered that it had. On cross-examination it was disclosed that it had been so communicated to her by her husband, whereupon the defendant moved to have her evidence of such communication struck out, which was refused. This ruling was proper. (*Bank v. Hutchinson,* 62 Kan. 9, 61 Pac. 443.) Certain other complaints are made but are without merit.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.