ETHEL GARVIN, *Appellee*, V. H. F. GARVIN, *Appellant*.

No. 17,596.

SYLLABUS BY THE COURT.

1. SLANDER — *Cross-examination — Impeaching Questions.* A witness may on cross-examination be asked and required to answer questions touching his past conduct and character and as to specific acts for the purpose of sifting his conscience and testing his veracity and credibility.

2. ——— *Punitive Damages—Express Malice.* In an action for slander punitive damages may be recovered only upon proof of express as distinguished from implied malice.

3. SPECIAL FINDINGS—*Failure to Answer.* When the jury returns unresponsive answers to special questions submitted to them they should be required to retire and prepare answers which fairly respond to the interrogatories.

Appeal from Jackson district court. Opinion filed May 11, 1912. Affirmed in part and reversed in part.

*John E. Hessin,* and *Charles Hayden,* for the appellant.

*F. T. Woodburn, E. D. Woodburn,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Ethel Garvin, in four causes of action, sued her father-in-law for $500 damages for assault and battery, $3000 for stating that she had stolen a contract, $3000 for stating that she had stolen a shirt, handkerchief and socks, and $3000 for stating that she had stolen his shirt, all of which wrongs were said to have been committed on the 4th of July, 1909. Before the case was submitted to the jury she dismissed the fourth cause of action. The jury found for her on each of the other three, awarding her $500 on the first, $2000 on the second, and $1500 on the third, making $4000. The defendant appeals and assigns twenty-nine alleged errors in the rulings of the trial court.

7—87 KAN.

Garvin v. Garvin.

The fourth and fifth assignments relate to certain questions asked the defendant on cross-examination, to each of which an objection was sustained, but it is complained that the court did not, as requested, warn counsel against this method of cross-examination. The defendant was also asked whether he had been arrested on a peace warrant and bound over and was permitted to answer over the objection of the defendant, but the jury were expressly instructed that neither the complaint filed nor any of the papers in the peace warrant case should be taken as proving or tending to prove that the defendant committed any of the acts charged therein or any assault or battery upon the plaintiff. While the objection to the questions touching the peace-warrant matter should have been sustained the harm was practically cured by the instruction given. The other questions were for the purpose of testing a witness on cross-examination and the mere asking of them was not error, and we think it would have been proper to permit and require answers to them for the reason that under the well-settled rule a witness may be required on cross-examination to answer questions touching his past conduct for the purpose of sifting his conscience and testing his veracity and credibility. (*Ramsey v. Partridge*, 86 Kan. 398, 121 Pac. 343.)

Complaint is made of an instruction that it was only necessary for the plaintiff to prove enough of the words charged to amount to a charge of larceny to entitle her to recover. The allegation was simply that the defendant accused the plaintiff of stealing the articles already mentioned, and it is never necessary to prove the exact language charged if the substance thereof be shown. (*Ramsey v. Partridge*, supra.)

The court charged the jury that words imputing the crime of larceny are actionable in themselves, and that from their use malice is presumed unless the contrary appears from the circumstances, occasion or manner of speaking; that if the jury believed from the evi-

Garvin v. Garvin.

dence that such words were spoken then express malice or ill will need not be proven; that malice in its legal sense means a wrongful act done intentionally without just cause or excuse; that in the legal sense as applied to this case malice signifies the motives which prompt a wrongful act intentionally done without justification or legal excuse as explained by the instructions. Further, that they should take into consideration the motive actuating the defendant in speaking the words, whether he was actuated by malice or not, considering all the circumstances and the provocation, if any; that if they should find that the words were spoken maliciously and that the plaintiff had sustained damages thereby then they might impose punitive damages, but only in case actual damages had been sustained.

It is urged that these instructions violated the rule that exemplary damages can not be awarded upon proof of implied malice alone, and *Walker v. Wickens,* 49 Kan. 42, 30 Pac. 181, and *Wood v. Custer,* 86 Kan. 387, 121 Pac. 355, are cited. In the latter case this rule was laid down:

"In an action for slander, punitive damages can be allowed only where the defendant is found to have been actuated by express, as distinguished from implied, malice." (Syl. ¶ 4.)

This opinion was filed February 10, 1912, nearly one year later than the trial of this cause below, but it is controlling.

It is also asserted that the charge of stealing shirts, socks and handkerchiefs was not a charge of larceny in this case, but the law does not require a charge of larceny, in order to be a basis for a slander suit, to be couched in terms requisite for an indictment or information. (*Harrington v. Miles,* 11 Kan. 480; *Haag v. Cooley,* 33 Kan. 387, 6 Pac. 585; *Walker v. Wickens,* 49 Kan. 42, 30 Pac. 181.) The defendant also assigns as error the refusal of the trial court to require the jury to retire and answer properly certain special ques-

tions. By question No. 7 the jury were requested to state, if the plaintiff had sustained actual damages by reason of speaking the alleged slanderous words, what the items of such actual damages were, and the answer was: "Spoke malicious defamatory words and stolen my contract." Question No. 10 requested a statement of the items of actual damages sustained by the alleged charge of stealing the shirt, handkerchiefs and socks, and the answer was: "Slanderous words spoken in presence of others, stolen shirts, socks and handkerchiefs." These answers were certainly not responsive to the questions and the jury should have been required to fix some sort of connection between the interrogatories and the replies thereto.

We find no error touching the first cause of action, but on account of the instructions as to the award of punitive damages upon a showing of implied malice only, and on account of failure to require the jury to answer the special questions, it can not be said that the second and third causes of action were tried free from error. We find no other matter requiring notice.

The judgment of the court, therefore, as to the first cause of action is affirmed, and as to the second and third it is reversed, and the cause is remanded for further proceedings as to those two causes of action only.