Hayes v. Nutter.

---

No. 20,153.

H. E. HAYES, *Appellee,* v. JOE NUTTER, *Appellant.*

SYLLABUS BY THE COURT.

1. SLANDER—*Variance Between Pleading and Proof.*  In an action for slander, the proof of the words spoken need not correspond in every particular with the words as charged.  It is sufficient that the words charged are substantially proved by the evidence.

2. TRIAL—*Requested Instructions—Covered by Those Given.*  It is not error to refuse instructions which are fairly covered by those given.  (*Baugh v. Fist*, 84 Kan. 740, syl. ¶ 3, 115 Pac. 551.)

3. SLANDER—*Proof of Words of "Substantially the Same Meaning"—Proof Sufficient.*  In a slander case it is not error for the court to instruct the jury that they may find for the plaintiff if they find from the evidence that the defendant spoke the slanderous words or words of substantially the same meaning.

Appeal from Washington district court; JOHN C. HOGIN, judge.  Opinion filed May 6, 1916.  Affirmed.

*A. J. Freeborn,* and *J. R. Hyland,* both of Washington, for the appellant.

*Edgar Bennett,* of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for slander. The plaintiff recovered judgment. The defendant appeals.

The plaintiff's petition sets out three causes of action. No evidence was introduced to support the second cause, and it was withdrawn from the consideration of the jury. The jury found in favor of the defendant on the third, and returned a verdict in favor of the plaintiff for $100 on the first cause of action.

The slanderous words set out in the first cause of action are: "He" (meaning the plaintiff) "has been stealing chickens." The evidence to support this charge was that the defendant had said of the plaintiff and another person that they had stolen his, the defendant's, chickens, and "the sons-of-bitches stole my chickens." The defendant urges that this is a variance between the petition and the proof, and cites 25 Cyc. 484, where the author says:

"As a general rule a failure on the part of plaintiff to prove the words strictly as alleged in the petition constitutes a variance and apart from a statute to the contrary is fatal to his cause of action. In some states, however, the code provides that the variance shall not be deemed material unless it has actually misled the adverse party. Moreover, it is very generally held that a failure to prove all the words alleged does not constitute a fatal variance, provided sufficient of the precise words alleged are proved so as to constitute a cause of action. It is a general rule that proof of similar or equivalent words is insufficient. On the other hand it is generally held that the proof need not correspond in every minute particular with the words as laid, provided the identity of the charge is substantially made out."

This does not support the defendant's contention. Section 134 of the code of civil procedure provides that—

"No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

The slight variation between the proof and the allegation of the petition could not mislead the defendant. The proof does not correspond in every particular with the words as charged,

but the words charged are substantially proved by the evidence. In *Ramsey v. Partridge,* 86 Kan. 398, 121 Pac. 343, this court said:

"Language substantially the same as charged shown to have been spoken at the time and place charged, in the presence of only one of the two alleged persons, and language substantially the same as charged shown to have been spoken at the place and in the presence and hearing of the persons alleged and at or near the time alleged, sufficiently meets the allegations of the petition and is not subject to the charge of material variance." (Syl. ¶ 2.)

The briefs in that case disclose that the difference between the charge in the present case and the language proved to have been used is no greater than the difference between the language charged and that proved in *Ramsey v. Partridge,* supra.

In *Cooper v. Seaverns,* 97 Kan. 159, 155 Pac. 11, this court said:

"The jury were instructed that recovery might be had if the language charged in the petition, or language of identical import or substantially the same, were uttered. Many decided cases hold that the identical words must be proved. To do this is to sacrifice substance to form. Words are important only as vehicles of meaning. If the very slander be established by proof of substantially the language charged, that is sufficient, and that is the thought conveyed to the jury by the words of the instruction." (p. 160.)

2. The defendant complains of the refusal of the court to give certain instructions requested by him. The reason given by the court for refusing them was that "same given in other words but none given as requested." An examination of the original instructions shows that the court's statement was correct, so far as the instructions now complained of are concerned. Each of these requested instructions was substantially given by the court. That is all that was necessary. (*Baugh v. Fist,* 84 Kan. 740, 115 Pac. 551; *Taylor v. Sand and Rock Co.,* 90 Kan. 452, 454, 135 Pac. 576; *Rogers v. Refining Co.,* 91 Kan. 351, 354, 137 Pac. 991.)

3. The defendant complains of the following instruction:

"Therefore, if you find from the evidence, by a preponderance thereof, that the defendant spoke of and concerning the plaintiff, in the presence of third persons, the words alleged by the plaintiff or words of substantially the same meaning, unless you find from the evidence by a preponderance thereof, that the said words so spoken of and concerning the plaintiff were

true, you will find for the plaintiff upon either or both of the causes of action; but if you find from the evidence, by a preponderance thereof that the words spoken of and concerning the plaintiff by the defendant were true, or if the plaintiff failed to prove, by a preponderance of the evidence, that the defendant used of and concerning him the words charged, or words of substantially the same meaning, then you should find for the defendant."

His argument is that whether the words alleged and the words proved have substantially the same meaning is purely a question of law for the court, and that the instruction was misleading and incorrect for that reason. There was no error in this instruction. (*Ramsey v. Partridge,* 86 Kan. 398, 121 Pac. 343; *Cooper v. Seaverns,* supra.)

The judgment is affirmed.