No. 35,484

THE STATE OF KANSAS, *Appellee*, v. EARL HILL, *Appellant*.

(126 P. 2d 219)

Opinion filed June 6, 1942.

*William M. Bradshaw* and *Hall Smith,* both of Topeka, were on the briefs for the appellant.

*Jay S. Parker,* attorney general, and *Ward Martin,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Earl Hill was charged with robbery in the first degree (G. S. 1935, 21-527). A jury trial resulted in a verdict of guilty, which was approved by the trial court. His motion for a new trial was overruled and he was duly sentenced to the state industrial reformatory. He has appealed and presents but one point for our consideration.

Appellant contends the trial court abused its discretion in permitting the cross-examination of the defendant to the extent that his substantial rights were prejudiced thereby.

Testifying in his own behalf, defendant answered questions asked him by his counsel as follows:

"Q. Now, the police took a picture of you one time, didn't they, Earl? A. Yes.

"Q. And where was that picture taken? A. Over at the city jail.

"Q. And how did they happen to take that picture? A. Let me see. They got me for vag that time.

"Q. Were you ever charged with or convicted of any crime? A. No, sir.

"Q. You have never been, in your life? A. No, sir.

"Q. Did you ever have any other trouble besides that particular time? A. For contempt of court once.

"Q. And you got in trouble once for stealing some grapes? A. Yes.

"Q. How long ago has that been? A. It has been about nine years ago.

"Q. But you were not arrested and charged with any crime any time? A. No, sir."

On cross-examination counsel for the state asked questions which were ruled upon or answered as follows:

"Q. And Robert Hill did come to 1305 Monroe when you were there at about 1:30 in the morning and asked you to come down stairs and carry in some coal, didn't he, several lumps of it? (Defendant's objection sustained.)

"Q. Well, did you ever carry in any stolen coal at 1305 Monroe, for your brother Robert? A. No.

"Q. Did you ever carry in any coal for your brother Robert at 1305 Monroe at about 1:30 in the morning? (Objection overruled.) A. No.

"Q. Do you recall talking to me at the city jail, March 1, 1941? A. Yes, I remember.

"Q. What did I talk to you about, Earl? A. About that coal.

"Q. Questioned about the coal, didn't I? A. Yes.

"Q. And questioned you about your brother, Robert? A. Yes.

"Q. I asked you about your brother Wilson Hill, too, didn't I? A. No.

"Q. You say I didn't? A. You didn't.

"Q. Didn't you, on that occasion, tell me that your brother Robert came there to the rock house at 1305 Monroe street at 1:30 in the morning, and that you carried in some coal out of his car? A. No.

"Q. Into the rock house? (Objection sustained.)"

It is well settled in this state, as elsewhere, that when a defendant in a criminal case takes the witness stand on his own behalf he may be cross-examined, within reasonable limits, respecting matters which affect his credibility as a witness. The extent to which such examination may go rests largely within the sound discretion of the trial court. Counsel for appellant recognize that rule, but argue that here the court permitted the cross-examination to go too far. The extent of such a cross-examination may be affected by the direct examination. When, as was done in this case, defendant and his counsel place his reputation with respect to crime directly in issue and in such a way as to cover the wide field of any time or any offense, naturally the cross-examination might be more extended than it would be otherwise. It is also well settled in this state that when such a witness by the cross-examination is asked about offenses other than the one on which he is being tried, and he denies any participation in such other offenses, or any guilt in connection with them, his denial stands as the proof of the fact that he had no such connection or guilt, unless by rebuttal evidence or in some way the state controverts those answers. Here nothing of that kind was done. See *State v. Shanahan*, 114 Kan. 212, 217 Pac. 309; *State v. Winters*, 120 Kan. 166, 241 Pac. 1083; *State v. Pfeifer*, 143 Kan. 536, 56 P. 2d 442, and authorities cited therein. In fact, reading the record before us of the direct examination and the cross-examina-

tion, we are inclined to the view that the triers of fact might form a more adverse opinion of the defendant from the direct examination than from the cross-examination. In any event, there is nothing in the cross-examination tending to show any abuse of the judicial discretion of the trial court.

We have examined the authorities cited by appellant and find nothing in any of them that requires or would justify a reversal of the judgment of the trial court. Such judgment, therefore, is affirmed.