Frank Della Posta *vs.*

Rand Express Freight Lines, Inc.

JULY 18, 1957.

Present: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an action of trespass on the case for libel and slander which was tried to a jury in the superior court and resulted in a verdict of guilty on the count in slander, and not guilty on the count in libel. Thereafter the defendant duly filed a motion for a new trial which was heard by the trial justice, but before a decision could be rendered he died. Thereupon another justice denied the motion pro forma and the defendant excepted to such decision. The case is here on its bill of exceptions containing that exception and eleven others which were taken during the trial.

Since the plaintiff did not seek a new trial on the count in libel, we are concerned only with the count in slander. The gist of that count is that defendant, through its agents and servants, in the presence and hearing of others "did falsely and maliciously speak and publish of and concerning said plaintiff, false, scandalous, malicious and defamatory words, stating that the plaintiff had committed larceny." Besides

filing the general issue defendant pleaded specially "that it only stated to the plaintiff and his agents, facts that were brought to its attention by Bourre Distributing Co. and that it did so at the request of said plaintiff and that it did not intend to injure the good name, fame or credit of the plaintiff or to bring him into public scandal, infamy and disgrace."

The defendant thus admitted by such plea that it published the information concerning plaintiff which it had received from Bourre Distributing Co., hereinafter referred to as Bourre. To justify such publication it had the burden of proving that it was done at plaintiff's request and that the other person who was present was plaintiff's agent and that he was present at plaintiff's request. In other words, the special plea amounted to a claim that the publication was a privileged communication.

The defendant sought to prove its special plea by the testimony of its Providence terminal manager Michael J. Oliva, who made the alleged slanderous statement. He testified that he discharged plaintiff because of the letter which he had received from Bourre. He admitted that he showed plaintiff the Bourre letter and that he had told him in the presence of Manuel Nunes that he did not want people of that caliber, apparently referring to the charge in the letter. He denied that he had called plaintiff a thief. He failed to testify that Nunes was present at plaintiff's request or otherwise explain why he was present. And although defendant called Nunes as a witness it did not interrogate him on that point. He was merely asked if he was the shop steward of the employees' union of which plaintiff was a member and whether defendant usually informed him, Nunes, when it hired or fired an employee.

The plaintiff had testified previously that he was employed by defendant as a truck driver and that in April 1954 he delivered a load of merchandise to Bourre's place of business. He further testified that on April 8 or 9 Bourre

wrote a letter to defendant in which it charged plaintiff with having stolen a dog collar from its place of business and that it did not want defendant to send him there again. According to plaintiff, Oliva called him into the office, showed him Bourre's letter and asked if he recalled the incident mentioned therein, and then said to him: "Well, we just can't have help who is a thief * * *." Although plaintiff then and there denied he had ever stolen anything from Bourre's place of business, Oliva discharged him. The plaintiff testified that this conversation took place in the presence of Nunes, who thereupon protested to Oliva that he could not do this to plaintiff.

It further appears from the evidence that defendant received a second letter from Bourre on April 15 or 16, 1954 in which it withdrew the charge it had made against plaintiff. It also appears that the state department of employment security made an inquiry into the truth of the charge and thereafter exonerated plaintiff. Thereupon plaintiff asked defendant to rehire him, but defendant nevertheless refused and repeated the alleged slander. According to plaintiff, this occurred in the presence of workmen on the terminal platform after defendant had received the second letter from Bourre. The plaintiff testified that on that occasion he remonstrated with Oliva that he was not fair and that Oliva replied: "We just can't have crooks hanging around this terminal." Oliva admitted that plaintiff spoke to him on this occasion but he denied that the workmen were within earshot of the conversation. He also denied that he called plaintiff a thief.

The defendant's bill of exceptions contains a number of exceptions to rulings on the admission of evidence, but since it has neither briefed nor argued them specifically they are deemed to be waived. *Cavallaro* v. *Sharp*, 84 R. I. 67, 121 A. 2d 669. The exceptions which it has briefed and argued have been presented under the following points: First, the alleged slanderous words constituted a privileged

communication; secondly, denial of the motion for a new trial did not amount to an approval of the verdict by the superior court; and thirdly, it is the function of the court and not the jury to decide whether the words which were spoken were actionable.

Under the first point defendant contends that Oliva's statement in the presence of Nunes was privileged because he was plaintiff's agent. In such a case it claims the law exempts it from liability if the alleged statement was made without malice. In support of its contention it cites among other authorities *Jorgensen* v. *Pennsylvania R.R.*, 38 N. J. Super. 317. We have examined that case and do not disagree with the law laid down therein or its application to the facts before that court. However, in the case at bar the difficulty is not with the law but with the lack of clear and convincing evidence tending to prove that Nunes was in fact plaintiff's agent and that he was present at plaintiff's request or in accordance with a contract entered into by defendant with the union on behalf of its members one of whom is the plaintiff. In the absence of such evidence the jury could not reasonably find that defendant's statement was privileged. Having alleged a privileged communication, defendant had the burden of proving it, which we think it has failed to do.

The defendant's second point is well taken. The superior court's pro forma denial of the motion for a new trial does not constitute an approval of the verdict. In these circumstances we consider such motion *de novo,* but we will not set the verdict aside unless we are convinced that it is contrary to the great weight of the evidence or to the law of the charge. After carefully examining the transcript in the light of that rule, we are of the opinion that the verdict must stand both as to liability and damages.

While there may be some question as to the allocation which the jury made in evaluating the plaintiff's actual monetary loss and the injury to his reputation, we think

their award of $4,000 for a slanderous statement charging plaintiff with a crime importing moral turpitude was not excessive, even in the absence of any evidence of loss of wages. Hence, assuming without deciding that defendant is correct in its contention that such loss did not exceed $1,600, we are clearly of the opinion that the remainder of $2,400 cannot be deemed excessive if allocated as reasonable compensation for the injury done to plaintiff's reputation.

Under its third point defendant contends that the trial justice committed prejudicial error as a result of the following occurrence. The jury, after retiring to consider their verdict, returned to court and requested further instructions. Through their foreman they informed the trial justice: "We do not feel that the showing of the first letter to Della Posta and the shop steward is slander, but the statement by Oliva that 'We don't want men of your calibre around here' could be considered slander in the presence of Mr. Nunes." Thereupon the trial justice charged them: "The duty is upon the plaintiff to prove there was a publication of the slander. If you find that the statement was slanderous and it was made in the presence of Mr. Nunes, that is sufficient publication." The defendant contends that this was tantamount to leaving it to the jury to say whether the alleged statement was slanderous, whereas it claims that such determination was solely for the court.

The law on this point seems to be well settled. Where the language complained of is plain and unambiguous it is for the court to say whether or not it is slanderous. However, where the language is to be considered in connection with other circumstances in order to determine whether it was in fact defamatory, such determination is for the jury under appropriate instructions by the court. 33 Am. Jur., Libel and Slander, §294, p. 277. In the case at bar just such a situation arose after Oliva had communicated the contents of the Bourre letter and thereupon made the independent statement complained of. Apparently the jury

were convinced that such statement had direct reference to the charge in the letter and they wanted to know whether it was within their province to find it slanderous. In such circumstances we think that the trial justice did not err in instructing them further that it was for them to say whether the statement was slanderous.

The defendant further contends that plaintiff did not allege in his declaration that Oliva uttered the specific statement and hence in the absence of an innuendo the verdict could not be validly based thereon. Ordinarily that is so since what is not alleged may not be proved. But here the allegation is obviously general. The declaration avers that defendant uttered "defamatory words, stating that the plaintiff had committed larceny." Under such an allegation plaintiff was not restricted to proof of specific words. Proof of any statement reasonably connoting larceny would be permissible. It was sufficient for plaintiff to show that the words "men of your calibre" had reference to the charge that Bourre had made against plaintiff. This is a liberal view, but many years ago this court observed that greater liberality was allowed in actions of slander for words spoken than in actions of libel for words more precisely printed or written. *Reid* v. *Providence Journal Co.*, 20 R. I. 120.

In our opinion it was clearly for the jury to say whether such words taken in that connection fairly encompassed the allegation of larceny and were therefore slanderous. See *Hayes* v. *Nutter,* 98 Kan. 75, *Zimmerman* v. *McMakin,* 22 S. C. 372, and 2 A.L.R. 370 n. By its special plea defendant admitted that it had communicated Bourre's charge to Nunes. Thus when the jury found that defendant's statement was made in Nunes' presence they were justified in relating it to what Bourre had charged in his letter. But defendant contends that in the absence of an innuendo, this could not properly be done under the strict common-law rules governing declarations in libel and slander. We disagree. If the plaintiff, instead of charging defendant with

having stated that he, plaintiff, had committed larceny, had merely charged defendant with uttering the specific words which were proved at the trial it would have been necessary to accompany such allegation in the declaration with an innuendo in order to warrant the introduction of evidence that defendant meant thereby to accuse plaintiff of larceny. However, plaintiff having specifically charged that defendant had accused him of committing larceny, the necessity for such strictness in pleading did not arise. For this reason, defendant's third contention is without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Grande & Grande, William G. Grande, Corinne P. Grande,* for plaintiff.

*John L. Curran, Louis V. Jackvony, Jr.,* for defendant.