Wood v. Custer.

---

O. T. WOOD, *Appellee*, v. W. A. CUSTER, *Appellant.*

No. 17,158.

SYLLABUS BY THE COURT.

1. SLANDER—*Evidence—Reputation of Plaintiff—Mitigation of Damages.* In an action for slander it is competent for the defendant to show, in mitigation of damages, that at the time of the defamation complained of the plaintiff's general reputation was bad with respect to the matters involved in the charge made against him.

2. ——— *Same.* Where the plaintiff sues on account of having been accused of stealing cattle, the defendant is entitled to introduce evidence tending to show that the plaintiff had the general reputation of being guilty of that offense. The rule stated is not satisfied in such a case by allowing evidence that the plaintiff's general reputation for "honesty, fair dealing and integrity" was bad. The defendant's right in this regard is not limited by an allegation in his answer that the plaintiff's reputation for truth and veracity and honesty was such that he could not have been injured by the accusation.

3. ——— *Malice—Punitive Damages—Evidence—Motive of Defendant.* In an action for damages ·for being called a cattle

thief, actual malice being charged as a basis for punitive damages, where the defendant denies having made that charge, but avows having said that it was generally believed that the plaintiff had stolen cattle, he should be allowed to testify upon what he based the statements he avowed making, whether he believed them, what basis he had for them, and whether he was actuated by a desire to injure the plaintiff.

4. ———. *Punitive Damages—Express Malice Must be Shown.* In an action for slander, punitive damages can be allowed only where the defendant is found to have been actuated by express, as distinguished from implied, malice.

Appeal from Seward district court. Opinion filed February 10, 1912. Reversed.

*C. V. Manatt, R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* for the appellant.

*J. P. McLaughlin,* and *F. S. Macy,* for the appellee.

The opinion of the court was delivered by

MASON, J.: O. T. Wood recovered a judgment against W. A. Custer in an action for slander, and the defendant appeals. The petition alleged that the defendant had made statements (among others) to the effect that the plaintiff had been stealing cattle for twenty years. The defendant in his answer denied making the specific statements attributed to him, but added that in conversation with some of the persons named in the petition he had said in substance that it was generally believed that the plaintiff had been guilty of the matters referred to; he also alleged that the plaintiff's general reputation for truth and veracity and for honesty had been such that the statements charged, if made, would not have injured him.

The defendant produced witnesses who testified that at the time the defamatory words were alleged to have been spoken the plaintiff's general reputation for honesty and fair dealing and integrity was bad. He then offered to show by the same witnesses that at the time

referred to the plaintiff had the general reputation of being a cattle thief. This offer was rejected and the ruling is complained of. We think that, as affecting the amount of recovery, the defendant should have been permitted to attempt to show that the plaintiff's reputation was bad, not merely with respect to honesty, integrity and fair dealing, but with regard to the very matter to which the words complained of related—the stealing of cattle. There has been and still is some difference of judicial opinion concerning the kind of reputation which is a matter of inquiry in such cases, but we think the more reasonable rule is that the defendant, in mitigation of damages, ought to be allowed to show that the plaintiff's general reputation was bad with respect to the very matter concerning which the defamatory words were spoken. In order to ascertain how far the reputation of the plaintiff has suffered injury by a specific charge against him, it seems absolutely necessary to know what his reputation originally was with respect to that very matter. And this appears to be the view now generally accepted. There is some difference of opinion as to whether reputation as to general moral worth may also be admitted (1 Wig. Ev. § 73), but most courts permit both forms of inquiry (25 Cyc. 418; Note, 15 Am. St. Rep. 342). To ask the general reputation of the plaintiff for honesty, fair dealing and integrity, is hardly more than to ask concerning his reputed moral worth. The expression is too vague to carry a specific meaning. A bad standing in that respect might imply merely that he was regarded as an unscrupulous trader, and one who was looked upon in that light might be seriously injured by a charge of actual theft.

The suggestion is made that as the defendant pleaded that the plaintiff's reputation for truth and veracity and honesty was bad, it was proper to confine the evidence to the words there used. To hold this would be to construe the pleading too narrowly. The plaintiff's

reputation, as affecting the amount of damages, is put in issue by a general denial. (25 Cyc. 516.) The word honesty in the pleadings, in view of the allegations of the petition, should be construed to include a respect for the property rights of others, and under it the defendant should be allowed to attempt to show that the plaintiff had the reputation of being dishonest with respect to the very matter with which the litigation was concerned.

An argument has been made that if the rejected evidence had been admitted the result would necessarily have been the same, on this theory: If the jury had believed the witnesses who swore that the plaintiff had a bad reputation as to honesty, fair dealing and integrity, they would not have awarded the damages they did—$1000; therefore the jury, must have discredited the witnesses; and further testimony from them that the plaintiff was reputed to be a cattle thief would not have influenced their judgment or affected the verdict. The amount allowed by the jury was not itemized, and it does not appear how much of it was allowed for actual, and how much, if any, for punitive damages. As already suggested, the jury may have believed that the plaintiff had not a good reputation for honesty, fair dealing and integrity, and still may have found that he had suffered a serious injury from having been charged with stealing cattle, and that the defendant deserved punishment for having wrongfully accused him of it.

The defendant in effect offered to testify that the statements he had made about the plaintiff were based upon certain matters that he had heard; that what he said he believed, and that he had no purpose to injure the plaintiff. This evidence was rejected. We think it should have been admitted, not of course as a justification, or in mitigation of the actual damages, but as bearing upon the question of actual malice, as affecting

the allowance of punitive damages.    There are cases
holding that a defendant may show, in mitigation of
damages generally, that he merely repeated, and did
not originate, the defamatory charge (Note, 55 Am. St.
Rep. 611), but we are at present concerned only with
evidence bearing upon the matter of smart money.

"Defendant may show in mitigation of (exemplary)
damages that the libel or slander was published under
an honest conviction of its truth arising from probable
grounds of suspicion known to him at the time of pub-
lication, or that he otherwise acted in good faith and
without malice."    (25 Cyc. 420.)

"Where plaintiff has introduced evidence of express
malice, defendant may offer in rebuttal facts and cir-
cumstances or other evidence tending to show good
faith on his part, or want of hostility toward plaintiff,
as for instance by showing the entire article or conver-
sation in which the defamatory matter was published,
or the sources of defendant's information."    (25 Cyc.
500.)

Where the mental attitude of a witness is material
he may testify concerning it (*Bice v. Rogers*, 52 Kan.
207, 34 Pac. 796), and this rule is frequently applied in
slander cases (Note, 23 L. R. A., n. s., 392).    It is
argued that since in his answer the defendant denied
using the words attributed to him, and did not assert
that they were true, he ought not to be allowed to show
anything to palliate his offense, if the jury find he did
say them; that it is not material whether he said some-
thing entirely different, or how he came to do so.    It
may not have been necessary or even proper for the de-
fendant, in addition to a general denial, to plead that
while he had not himself accused the plaintiff of steal-
ing cattle, he had said that others made such charges.
But when he took the stand in his own behalf he could
hardly stop with a mere denial.    It was natural and
practically essential that he should tell just what he
had said on the occasions referred to.    Conceding that
his version was incorrect, it was near enough like that

set out in the petition so that the reasons he gave for the language he avowed would afford some basis for judging by what motives he was actuated in what he really uttered. And although he denied charging the plaintiff with theft, the jury, after deciding that he had done so, might well wish to know, as affecting the question of punitive damages, whether he invented the charge himself, or repeated in good faith what he was told. Whether or not prejudicial error is shown in this regard, we think upon another trial the defendant should be allowed to testify to the matters referred to.

Objections are made to the instructions upon the ground that the issues with regard to punitive damages, and the bearing of evidence thereon, were not made sufficiently clear. No more specific instructions were asked, but as the appellee in his brief contends that punitive damages may be allowed on the basis of implied malice it is proper to pass upon the question so presented. The state of the law on the subject is exhibited by these quotations:

"If express malice on the part of the defendant is shown, exemplary or punitive damages are proper. So if the defamation was recklessly or carelessly published, punitive damages may properly be awarded as well as where the defamation was induced by the personal ill will of defendant. On the other hand there are many authorities to the effect that if express malice or recklessness equivalent thereto is not shown on the part of defendant, exemplary damages can not be awarded. But in other jurisdictions it is held that where malice exists exemplary damages may be given, and that it is immaterial whether the malice is actual or implied in law." (25 Cyc. 536.)

"In a good many cases it has been held that an award of punitive or exemplary damages may be based merely upon the malice which the law will imply from an unauthorized and unjustifiable publication or utterance of defamatory words. But the great weight of authority is otherwise, and supports the view that in order for such a recovery to be proper there must be

some proof of actual or express malice, or at least of such recklessness or carelessness on the part of the defendant as is equivalent to an actual intent to violate the rights of others." (18 A. & E. Encycl. of L. 1093.)

Both the works quoted place Kansas in the category of the states that deny punitive damages except upon a showing of express, as distinguished from implied, malice, upon the strength of *Walker v. Wickens,* 49 Kan. 42, 30 Pac. 181. The classification is correct. The implied malice referred to in the case cited is malice inferred from various circumstances. In this jurisdiction punitive damages are not allowed merely upon the basis of the malice implied by the law from the intentional doing of a wrongful act.

Complaint is made of the overruling of a motion to make the petition more definite and certain, but its allegations seem sufficiently specific.

The judgment is reversed and the cause remanded for a new trial.