No. 52,076

GARY DEAN GOBIN, *Appellee,* v. GLOBE PUBLISHING CO., A Corporation, *Appellant.*

(620 P.2d 1163)

Opinion filed December 18, 1980.

*Geritt H. Wormhoudt,* of Wichita, argued the cause, and *Harry A. Waite,* of Dodge City, was with him on the briefs for the appellant.

*Donald E. Shultz,* of Shultz, Shultz & Tedford, P.A., of Dodge City, argued the cause, and *Erich M. Shultz,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Globe Publishing Company, publisher of the Dodge City Globe, appeals from a judgment for $38,500 entered against it and in favor of the plaintiff, Gary Dean Gobin, in this libel action. This is the second time this case has been before us; for our opinion in the earlier appeal, see *Gobin v. Globe Publishing Co.,* 216 Kan. 223, 531 P.2d 76 (1975). That appeal was taken by the plaintiff upon the sustaining of Globe's motion for summary judgment; we reversed; and the case has now been tried before a jury in Ford County. The principal and controlling issue here is whether the trial court erred in this libel action by deciding as a matter of law that Gobin did not plead guilty to charges which were brought against him in Ford County Court.

This case arises out of the reporting of the county court case by the Globe. Gobin was charged with cruelty to animals by a complaint filed in the county court on July 6, 1972. He appeared before the judge of the county court on that date; the State appeared by the county attorney. Trial commenced, but was aborted, as we will relate later in this opinion. No news reporters were present; the Globe reporter got her information later from the county attorney, and she accurately reported what he told her: that Gobin pled guilty. The Globe's news story appeared on July 8, 1972; it stated that Gobin had pled guilty to the charges. Several weeks thereafter, Gobin appeared before the judge with counsel; he was found guilty and fined. He appealed, and the case was eventually dismissed in district court. This libel suit followed.

Our opinion in the earlier *Gobin* appeal, 216 Kan. at 226, recited the stipulated facts and then said:

"Although not explicitly reflected in the foregoing recital, the fact concededly is that plaintiff Gobin did not plead guilty to a charge of cruelty to animals as reported in the news article."

The parties had *not* stipulated that Gobin did *not* plead guilty; Globe contended throughout and still contends that its news story was factually accurate and that Gobin *did* plead guilty. For the purposes of ruling upon the motion for summary judgment, however, it was immaterial whether he did or did not plead guilty; the matter at issue was whether the report was qualifiedly

privileged. We held that it was not, and we enunciated the standard of care applicable in such a case. We did not make a factual finding as to the plea entered; that was left for determination upon trial.

After the case was returned to the trial court, the judge ruled as a matter of law that Gobin did not plead guilty on July 6, 1972, as reported in the newspaper. The jury was not permitted to hear the testimony of the judge or of the county attorney as to what took place in county court on July 6, 1972. The jury was instructed that the story printed in the Globe was false; the only issues submitted for determination were the issues of the Globe's negligence and the amount of damages.

The trial judge's ruling was made upon the basis of depositions of the county judge, the county attorney, and a court reporting student, who were present in county court on July 6. In her deposition, the judge testified in substance that when Gobin appeared, she directed the entry of a not guilty plea for him. The State then proceeded to introduce evidence. During the course of trial, Gobin said that he had hired Billy Hamilton to take care of the animals, and that the responsibility was his; the judge explained to Gobin that if these were his animals, then he was responsible for seeing that Hamilton gave them proper care. At that point, Gobin said: "If that is what it takes, I did it" or "Okay, if that's the way it is, then I'm guilty"; perhaps not in those exact words, but a statement which indicated to the judge that Gobin "didn't want any more evidence and that he did admit that the act had been done by him." It was her impression that Gobin pled guilty. The trial ceased; the judge did not assess a fine at that time, but continued the matter for about 30 days in order to give Gobin an opportunity to improve his hog operation, out of which the charges arose. The deposition testimony of the county attorney was substantially the same. The student recalls entering a not guilty plea for Gobin—which would be consistent with the testimony of the judge—but she does not recall the statement attributed to Gobin. Her notes were never transcribed, and they have since been destroyed. The written records of the county court do not disclose what occurred on July 6.

Upon the basis of the deposition testimony, is it clear that Gobin did not enter a plea of guilty? In making that determination, we should first look at the court setting in which the action

took place. County courts were not courts of record. They were created by resolution of the board of county commissioners, pursuant to statute, K.S.A. 20-801 (Corrick). The probate judge served as judge of the county court, K.S.A. 20-803 (Corrick), and ex-officio clerk, K.S.A. 20-806 (Corrick). A county court had the same powers and jurisdiction in criminal cases as justices of the peace. K.S.A. 20-808 (Corrick). The judge of a county court was required to keep records, K.S.A. 20-819 (Corrick), and originally was required to enter pleas in criminal cases on the docket, K.S.A. 63-301 (Corrick), although that statute was repealed in 1970 and its successor, K.S.A. 22-3205, effective at the time with which we are here concerned, made no such requirement.

The case before us is not a criminal case. We are not called upon by a defendant in a criminal action to determine the legality, efficacy, or the sufficiency of a plea, nor are we required to determine whether a plea was knowingly and understandingly made, in full conformity with the niceties of K.S.A. 22-3210. The issues are: Did Gobin plead guilty by admitting the truth of the charges against him? Was his statement the equivalent of a guilty plea? Was it so intended and so accepted? The proceedings in county courts were, for the most part, very informal. Whether Gobin admitted his guilt of the charges pending against him, by his statement to the judge in the middle of the trial, is a question of fact under the circumstances of this case. The county court records are no help; they do not show what occurred. That can only be determined from the testimony of those present. The county judge was holding court without a court reporter and without any electronic recording equipment. As such the proceedings are matters *in pais,* as distinguished from matters of record, and are, therefore to be proved by parol evidence. See *Turner v. Fendall,* 5 U.S. (1 Cranch) 117, 132, 2 L. Ed. 53 (1801).

Whether Gobin pled guilty or not was, under the circumstances, a matter of fact to be determined by the trier of fact, not a matter of law to be determined by the judge. We therefore hold that the trial court erred in determining the issue as a question of law, and in refusing to admit the testimony of the judge, the county attorney, and the student, as to what occurred. The issue goes to an essential element of the defense: truth of the published story. The error was prejudicial in that the ruling deprived the Globe of a vital defense. We must therefore reverse for a new trial.

Several other issues were raised and argued, but most of them are covered by the ruling just announced, and separate treatment here is unnecessary. We should, however, discuss two issues which may arise upon retrial.

The Globe contends that it was error for the court to receive into evidence excerpts from several journalism textbooks. The textbooks themselves were identified by plaintiff's expert witness as reliable authorities, authoritative in the field of journalism. The treatises were therefore admissible under the Learned Treatises exception to the hearsay rule, codified as K.S.A. 60-460(*cc*), which reads:

"A published treatise, periodical or pamphlet on a subject of history, science or art to prove the truth of a matter stated therein if the judge takes judicial notice, or a witness expert in the subject testifies, that the treatise, periodical or pamphlet is a reliable authority in the subject."

We have held that the determination of reliability requisite to admission into evidence of learned treatises rests in the sound discretion of the trial court. *Zimmer v. State,* 206 Kan. 304, 477 P.2d 971 (1970). We find no abuse of discretion, since ample evidence was introduced to enable the trial judge to determine the reliability of the textbooks, and thus their admissibility. Defendant's further objection on the grounds of materiality is without merit.

The Globe also contends that the trial court erred in sustaining plaintiff's motion in limine, by which evidence of plaintiff's "involvement" in other criminal proceedings was excluded. K.S.A. 60-446 provides:

"When a person's character   .   .   .   is in issue, it may be proved by testimony in the form of opinion, evidence of reputation, *or evidence of specific instances of the person's conduct   .   .   .   .*" (Emphasis supplied.)

The plaintiff's *reputation* is necessarily involved in a libel action, and it is the general rule that evidence of reputation is admissible in such a proceeding. Gard's Kansas C. Civ. Proc. 2d § 60-466, pp. 169-70; and see *Wood v. Custer,* 86 Kan. 387, 121 Pac. 355 (1912).

There was no final conviction of crime in either of the cases to which reference is made. In the one, Gobin was charged with negligent homicide, but he was acquitted. In the other, he was charged and convicted of attempted felony theft of hogs, but that

conviction was reversed by this court. *State v. Gobin,* 216 Kan. 278, 531 P.2d 16 (1975). We are informed that the trial for negligent homicide was held in Gobin's home county, the trial on attempted theft in an adjoining county. Though convictions did not result, it is likely that those trials, and Gobin's involvement therein, affected his reputation in the community.

But may evidence of the specific acts be offered? K.S.A. 60-446 allows *character* to be proved (1) by opinion testimony, (2) by evidence of reputation, or (3) by evidence of specific instances of the person's conduct.

It is damage to one's reputation in the community for which redress is sought in libel or slander actions. Reputation is what others say or think about a person, one's good or bad name in the community. Character, on the other hand, denotes those moral qualities which a person possesses, one's moral fiber. Reputation is external, character internal. Speaking of libel and slander actions, Judge Gard, in his Kansas Code of Civil Procedure (2d) § 60-446, p. 170, says:

"More often it is reputation and not character which is in issue in such cases, and the nature of the proof is affected accordingly."

It is reputation, not character, which is the fact in issue. The record of the two court proceedings, or of specific acts of misconduct, would not establish reputation. See 1 Wigmore on Evidence § 209, pp. 703-04 (3d ed. 1940); Slough, *Relevancy Unraveled II,* 5 Kan. L. Rev. 404, 408 (1957). The trial court was correct in rejecting evidence of the specific court actions. However, character witnesses are persons who portend to know what is said of another, what one's reputation is among his friends, neighbors, and associates. Such persons could be expected to know of one's brushes with the law and the effect, if any, of such instances upon one's reputation. We conclude that Gobin's conduct on the occasion of his arrests, and the fact of his trials, the extent of knowledge thereof, and their effect, if any, upon his reputation, is admissible either in direct or cross-examination of character witnesses.

The judgment is reversed, and the case is remanded for a new trial.